METHODIST EPISCOPAL CHURCH AT BOUND BROOK

*v.*

ELLIS E. ROBERSON.

[Decided October 25th, 1904.]

Land was conveyed to persons named as "trustees and their successors in office forever," in trust to erect a house of worship for a specified church organization.—*Held*, that such organization, as a corporate body, had not such title to the land, without any conveyance to it from such trustees or an adverse holding, as equity would require a vendee to accept.

On bill, &c.

*Messrs. Codington & Swackhamer,* for the complainant.

*Mr. Charles M. Dolliver,* for the defendant.

BERGEN, V. C.

The object of the bill of complaint in this cause is a decree requiring the defendant to specifically perform a written contract, by the terms of which the complainant agreed to sell, and the defendant to purchase, two parcels of land located at Bound Brook, in this state. By the terms of this contract the complainant agreed to well and sufficiently convey the lands to the defendant, by deed of warranty, free from all encumbrances. It is admitted that the complainant tendered the deed required by the contract on the day named therein for that purpose, and that the defendant refused to comply, alleging as an excuse therefor the inability of the complainant to convey the title as it had contracted to do. The cause was argued upon bill, answer and a stipulation as to the facts counsel deemed necessary. This stipulation, after consenting that the deed upon which the complainant's title depends, and the contract for sale, be considered

as evidence without further proof, admits that the complainant has been the owner of such title to the lands, as it took under a deed made by George Winsor and others to certain persons as trustees, and hereinafter set out and considered, and has had possession of the lands since 1848; that the location of the property is no longer a desirable one for religious or church purposes, and that a change from it to another place in Bound Brook will be greatly to the benefit and advantage of the complainant. The only paper title offered by the complainant, and upon which alone it bases its title, is a deed bearing date the 13th day of December, 1848, made by George Winsor and others, in consideration of $300, to Caleb Morton, George Winsor, Thomas Winsor, Richard Brokaw "and others, their associates, trustees and their successors in office forever." This deed describes the lands in two parcels. The *habendum* clause, following the description of the first tract, is to

"the said trustees and their successors in office forever, in trust that they shall erect and build or cause to be erected and built thereon a house or place of worship for the use of the members of the Methodist Episcopal Church in the United States of America, according to the rules and discipline which from time to time may be agreed upon and adopted by the said church at their general conferences in the United States of America,"

and upon the further trust to permit ministers belonging to that church to preach and expound God's holy word therein. Following this was a covenant of warranty to the trustees and their successors. Succeeding this covenant the deed recites "that the parties of the first part did grant, bargain, sell and convey to the said trustees and their successors in office forever" the second tract of land, describing the same, but without declaring the trusts, if any, subject to which the second tract was conveyed. The defendant insists that as to both tracts the trustees, named in the deed as "the parties of the second part," took only a life estate, and that it nowhere appears that the complainant has any title to the land.

It is well settled in this state that a court of equity will never compel a purchaser to take a title unless it be one which

puts the purchaser in all reasonable security that no flaw or doubt will come up to disturb its marketable value, provided the doubt be real and not fanciful. *Dobbs* v. *Norcross, 24 N. J. Eq. (9 C. E. Gr.) 327; Barger* v. *Gery, 64 N. J. Eq. (19 Dick.) 263.* The question to be determined in this cause is, has the complainant tendered a title free from such reasonable question or doubt? The facts submitted to the court by the stipulation are very meager and unsatisfactory, but I must determine the question upon the case as counsel have submitted it. The word "heirs" was not used in the deed, so that the legal title remains in the grantors, subject to a life estate in the trustees, and the condition of affairs is somewhat similar to that existing in *Fair* v. *Church, 57 N. J. Eq. (12 Dick.) 496*, decided by Vice-Chancellor ·Pitney, with the exception that there is no provision for the selection of new trustees. Here, as in that case, no legal incorporation of the trustees was had, nor does it appear that there was any election of new trustees in the place of those named as grantees in the deed. It does not even appear that the trustees are dead, and the lapse of time since the conveyance is not so great as to authorize the presumption that they are. The complainant contracts to convey under the name of "Methodist Episcopal Church at Bound Brook, a corporation." There is no title of record in the complainant by that name, but it claims to own the property, as the successors of the trustees, grantees in the Winsor deed. If this claim had any equitable foundation, there is no proof that the complainant corporation is such successor; nor does the admission of the defendant that the complainant is the owner of such title as it may have under the Winsor deed aid the complainant. In the first place, it does not appear to have any title thereunder, and, secondly, this court cannot, in this proceeding, determine the rights of the original grantees or their heirs, they not being parties defendant. The defendant admitted, in the stipulation, that the complainant has been in possession of said premises from 1848 to the present time, and still is such owner and in possession thereof. But this admission must be taken as being

28

qualified by the statement immediately preceding it, which is that the complainant is the owner "by such title as was given it by virtue of the Winsor deed," so that the admission is limited to the question of possession. If it clearly appeared, beyond reasonable doubt, that the complainant had held the possession of this property, since 1848, against the claims of all other persons, in such manner as to show an adverse user, the court might be justified in holding that a marketable title was offered. But there is not a scintilla of proof that this complainant has held adversely, while the presumption is that it was in possession by permission of the trustees, and the defendant ought not to be put to the risk of hereafter maintaining his title, based upon an adverse user, which might be easily overthrown.

My conclusion is that the complainant has not presented a case which justifies the court in exercising its discretion in its behalf, and that the defendant ought not, under all the circumstances, to be required to comply with the contract, and I will so advise.