## FREDERICK G. POTTER

### *v.*

## WILLIAM E. OGDEN.

### [Filed January 20th, 1905.]

Where a contract for the sale of land called for a perfect title, and, in a suit for specific performance by the vendor, it appeared that his grantor's deed was executed as if she were unmarried, specific performance would not be decreed, though it was shown that her husband had been absent seven years at the date of the deed, whereby a presumption of death arose; it also appearing that defendant's grantor was eighty-six years of age, and that her children possibly controlled, to a large extent, the evidence on which the rebuttable presumption was founded.

---

On bill for a specific performance of a contract to purchase real estate. Heard on bill, answer and proofs.

*Mr. Willard C. Fisk,* for the complainant.

*Mr. Edward J. Luce,* for the defendant.

STEVENSON, V. C.

The bill is filed by the vendor to compel the vendee to take the title which the vendor has proved in this suit he is able to give. The contract seems to call for a title having something

more than those characteristics which are sufficient to make it "marketable." A blank form of agreement was employed by the draughtsman of the contract. In the printed portion the vendor agrees to convey the land "by deed of warranty, free from all encumbrance." The terms of payment are set forth in typewriting, and one of the payments is described as follows: "One thousand dollars ($1,000) as soon as search is completed by attorneys for party of the second part and title declared all right."

The following clause also appears in typewriting: "It is hereby agreed that if the title is not found perfect the $25 deposit shall be returned to the party of the second part."

A perfect title, if such a thing exists, should probably be defined, if a definition were necessary, in such a manner as to make it appear less open to criticism and attack than many titles which courts of equity deem merely marketable.

The alleged defect in the complainant's title which the defendant points out, is as follows: The complainant obtained title to the land in question under a warranty deed in the usual form, dated August 27th, 1900, made by one Sarah L. Brown, who is described in the deed as a widow. The certificate of acknowledgment upon the deed is in the usual form employed in the case of a man or an unmarried woman. The defendant alleges that when this deed was made the grantor in fact was a married woman, and that therefore the complainant's title is not marketable, and certainly not "perfect," because it rests upon a deed executed by a married woman in which her husband did not join, and which was not acknowledged according to law. It is not insisted by the complainant that the land comes within the operation of the statute permitting a married woman living in a state of separation from her husband to convey her lands in certain cases. *2 Gen. Stat. p. 2019* §§ *32, 33.* I think the proof in this case shows affirmatively that the lands in question were not within the operation of those statutes. I certainly refrain from expressing the opinion that if the lands were within the operation of these statutes that a specific performance would be enforced against a vendor who at the time the contract was made was ignorant that the title rested upon proof of facts which

made the statutes applicable. See *Demarest* v. *Terhune, 62 N. J. Eq. (17 Dick.) 663, 668, 669.*

No doubt, at the time this contract was made (June 11th, 1901), Mrs. Brown was living in a state of separation from her husband, and had been continuously for about fifteen years. The complainant, for the support of his title, insists that under our ancient statute establishing a presumption of death in the case of absence for seven years, enacted in 1797 and amended in 1895 (*1 Gen. Stat. p. 1187* § *9*), the proofs in this case establish the presumption that when Mrs. Brown undertook, in 1900, to make a conveyance of the land in question to the complainant, she was what she described herself in her deed, a widow. The defendant certainly did not prove, or undertake to prove, that Mrs. Brown's husband was alive when this deed was made by any evidence showing that he was alive at any time after he left his wife in 1876, except the fact that he was alive in 1876.

The complainant stands on the statute. The defendant insists that the statute should not be construed literally; that the "presumption of death does not arise from the mere fact that a person has been absent and unheard of for seven years or more, except in cases where there is no other reasonable explanation of such absence and silence." The words of the statute seem to be satisfied whether the absentee has been heard from or not. Counsel for the defendant also argues that in this case the proofs show that the husband of Mrs. Brown left her in 1876, with intent to desert and permanently remain away from her, and that all the facts and circumstances proved in relation to this separation account for the absence of Mr. Brown and make it appear reasonable and highly probable that he would remain absent from his wife without communicating with her during all these years, without its being necessary to account for such absence and silence, on the theory of his death. There is great force in the view of the facts which counsel for the complainant has presented, and also in his argument in regard to the construction of this rigid statutory rule, which perhaps cannot be applied to many situations literally without leading to absurdity.

I do not feel obliged to discuss the facts of this case, or even to determine whether the presumption created by our statute

applies to this case. I think the point is well taken, on behalf of the defendant, that even if the statute does apply, and in this suit between these parties it must be presumed that Mr. Brown was dead when Mrs. Brown made the conveyance to the complainant, still the complainant is not entitled to a decree forcing his title, thus resting upon a rebuttable presumption of fact, upon the defendant. The soundness of the complainant's title rests upon the proof of a fact which we are now assuming has been presumptively proved in this case, but it is the title which the defendant, the vendee, is to get which is the matter for consideration.

I think that any decision of mine in this cause is controlled by my decision in the case of *Barger* v. *Gery,* 64 *N. J. Eq.* (*19 Dick.*) *263.* The rule which I found supported by the authorities in that case is "that a title dependent on a fact must be regarded as marketable when (1) the fact is so conclusively proved in the suit for specific performance that a verdict against the existence of the fact would not be allowed to stand in a court of law; and (2) there is no reasonable ground for apprehending that the same fact cannot be in like manner proved, if necessary, at any time thereafter for the protection of the purchaser." It can hardly be seriously argued in this case that if this title based on this presumption of death should be forced on the defendant, he would be in no danger of being unable to prove that Mr. Brown was dead when Mrs. Brown made this deed in any future litigation in which such proof might be necessary. Mr. Brown, if living, apparently, is about seventy-five years of age. One of the daughters of Mrs. Brown by a former husband testified to a report that Brown was living in Tombstone, Arizona, some time after the year 1876. The children of Mrs. Brown, who are her heirs-at-law, might, after Mrs. Brown's death, bring an action of ejectment against the defendant and overcome the presumption of Brown's death, which the defendant might establish in his defence by positive proof that Brown in fact was alive when the deed in question was executed. Certainly Mr. Brown himself might return from the west, if he is alive, and utterly defeat any title which the defendant could now obtain from the complainant. I do not overlook the fact that the

words of the statute, meagre and unqualified as they are, seem to direct that in this cause this man Brown "shall be presumed to be dead," and that it may be insisted that under the statute, strictly construed, the death of Brown must be accepted as a fact, precisely as if actual proof of such death had been presented beyond all question. But I need not consider this point, because my decision stands, after admitting the proof of the death of Brown as a fact in this cause. It may be conceded that Brown is proved to have been dead when this deed by Mrs. Brown was made. But proof of the fact that Brown was dead, duly made in this cause, does not entitle the complainant, the vendor, whose title rests upon that fact, to a decree of specific performance within the rule above quoted. The proofs on behalf of the complainant must go further and show that not only the fact has been proved in the suit for specific performance, but that "there is no reasonable ground for apprehending" that the same fact cannot be subsequently proved for the protection of the purchaser. Where the necessary fact in the suit for specific performance is proved by the establishment of a presumption, which can be overcome by evidence, but which is not so overcome in that suit, it does not follow, necessarily, that the title dependent on that fact can be forced upon the purchaser, unless the following two propositions are established—*first,* that there is no reasonable ground for apprehending that the evidence to establish presumptively the existence of the fact will not be available for the protection of the purchaser in the future; and *second,* that there is no reasonable ground for apprehending that evidence to overcome the presumption, and thus defeat the purchaser's title, can be adduced. The slightest consideration of the testimony in this cause, I think, makes it clear that if the presumption of Brown's death is technically established in this suit under the statute, it is by no means clear that the evidence to establish the same presumption will be available to the defendant after a short time. The principal witness (Mrs. Brown) was eighty-six years of age when she was sworn in this cause. The testimony of her two daughters, who were sworn, shows that these daughters and the other children of Mrs. Brown, whose

title as Mrs. Brown's heirs or devisees might be asserted against the defendant's title, possibly control to a very large extent the evidence by which the defendant would seek to establish the presumption of Mr. Brown's death in his favor. The other children of Mrs. Brown, who were not sworn, might come forward with positive evidence of Mr. Brown's existence after the execution of the deed in question by Mrs. Brown.

If, however, the complainant succeeded in a suit brought by Mrs. Brown's heirs or devisees, or their grantees, in establishing a presumption that Mrs. Brown's deed to him was an efficient instrument to convey the property in dispute, it is still, in my judgment, altogether probable, as the testimony stands, that this presumption would be entirely overcome by positive proof that Mr. Brown was alive when the deed was made.

A decree will be advised that the bill be dismissed.