HENRY KOHLREPP and ANNIE KOHLREPP, his wife,

*v.*

JOHN RAM et ux.

[Decided December 27th, 1911.]

1. Equity will not compel a purchaser to specifically perform his contract of purchase, where there is a doubtful question of law or fact affecting the title of the vendor.

2. A deed executed by an attorney in fact began with the recital, "between [names of grantors] by their attorney in fact," followed by his name and followed by the name of the grantee, "party of the second part." The testatum clause read, "In testimony whereof, the said [attorney in fact] hath by virtue of two certain letters of attorney given to him by said party of the first part * * * hereunto set the hands and seals of his principals, the parties of the first part;" and was signed by the at-

torney in fact individually, and as attorney in fact for the grantors.— *Held,* that the validity of the deed was so doubtful that equity would not at the suit of a vendor relying on the deed in his chain of title compel the purchaser to specifically perform his contract of purchase.

3. Where a purchaser's objection to the title of the vendor related to the existence of outstanding interests arising under declarations of sale for taxes, equity would not compel the purchaser to specifically perform his contract of purchase because the title of the vendor would rest on facts in an issue between himself and a third person not a party to the suit for specific performance.

Heard on bill, answers, replication and proofs.

*Mr. Edwin M. Wight,* for the complainants.

*Mr. John D. Pierson,* for the defendants.

GARRISON, V. C.

This is a suit for specific performance of a contract for the sale of real estate. The complainants are the vendors and the defendants the vendees. The vendees refuse to perform because of alleged defects in the complainants' title. Two objections are made: The first relates to the manner of execution by an attorney in fact of a deed which is in the chain of title of the complainants; the second objection relates to the existence of certain alleged outstanding interests arising under declarations of sale for taxes.

As to the execution of the deed by the attorney, the following are the essential facts: The premises in question belonged to Jacob Newkirk in his lifetime. He died intestate in the year 1888, leaving his widow, Elizabeth Newkirk, and the following children, his heirs-at-law, Abraham, Jacob B., William E., John H. Newkirk and Jane E. (Newkirk) Birdsall, Gertrude R. (Newkirk) Schanck and Mary C. (Newkirk) Vanderbeek. At the time of the execution of the powers of attorney hereinafter referred to Abraham was married to Mary C., Jacob B. was married to Kate M., William E. was married to Fannie; John H. was married to Emma. Gertrude R. Schanck was a widow. Jane E. Birdsall's husband's name was George W., and Mary C. Vanderbeek's husband's name was Abraham. The above-named per-

sons, the widow and the heirs-at-law, of the said Jacob Newkirk, with their respective spouses then living, executed two certain powers of attorney to George W. Birdsall, one dated June 9th, 1888, and one dated May 12th, 1891, both of which were recorded in the office of the register of Hudson county, in which county the lands are situated. It is not denied that these powers of attorney were sufficient to authorize the said George W. Birdsall to execute in the names and on behalf of the principals a proper deed of conveyance for their interests in the premises in question. The question is whether he did properly exercise the power. On the 12th day of May, 1892, the deed to which objection was made was signed, and subsequently recorded in the proper office. This deed begins by the recital:

"Between Elizabeth Newkirk (widow of Jacob Newkirk, deceased), Abraham Newkirk and Mary C., his wife, Jacob B. Newkirk and Kate M., his wife, William E. Newkirk and Fannie, his wife, John H. Newkirk and Emma, his wife, * * * George W. Birdsall and Jane E., his wife, and Gertrude R. Schanck, widow, parties of the first part, by George W. Birdsall, their attorney in fact, and Mary C. Vanderbeek, * * * party of the second part."

The testatum clause is as follows:

"In testimony whereof, the said George W. Birdsall hath, by virtue of two certain letters of attorney given to him by the said party of the first part, the one bearing date the 9th day of June, A. D. 1888, and duly recorded in the Hudson County Register's Office, in Book 461 of Deeds, on page 56, &c., the other bearing date the 11th day of May, A. D. 1891, and duly recorded in the Register's office of Hudson County aforesaid, in Book 532 of Deeds, on page 12, &c., hereunto set the hands and seals of his principals, the parties of the first part, the day and year first above written.

"GEORGE W. BIRDSALL. [SEAL]
"Individually.
"GEORGE W. BIRDSALL. [SEAL]
"Attorney in fact for the heirs of
Jacob Newkirk, deceased."

Of course, some of the grantors were and some were not heirs of Jacob Newkirk, deceased; but I am informed by counsel that deeds have been procured from all of the persons named in the deed as grantors who were not, in fact, heirs of Jacob Newkirk, deceased.

The insistence of the defendants is that this is not a proper execution of the deed by the attorney in fact, and does not serve to convey the title of his principals.

Whether it should properly be held to be a proper execution by the attorney of the power, and whether it should properly be held that the deed does convey the interests of the principals, I do not propose to determine for reasons to be hereafter stated.

The other objection urged by the defendants arises out of the following circumstances: It appeared that in the year 1861 the mayor and common council of Hudson City, within which the premises in question were then situated, sold the two lots in question for unpaid assessments for the improvement of Warren, or Centre street, for a term of three thousand years, to one Carl Struber. Two declarations of sale were issued, one dated February 7th, and the other February 17th, 1861. With respect to the latter objection the complainants rely upon the decision of Vice-Chancellor Howell, in the case of *Beatty* v. *Lewis* (*1907*), *68 Atl. Rep. 95.* This was a suit under the act to quiet title, and, in effect, held that the declarations of sale for taxes under which possession was not taken within twenty years after the two years allowed for redemption had passed, were useless thereafter as instruments of title, as entry under them was barred.

It will be seen that the latter question rests upon the doctrine of adverse possession, and that in a case where the issue was squarely between the parties claiming paper title as against adverse possession, the court held against the paper title. In the case at bar there has been enough said to show that there are questions of two kinds to be considered—the first, relating to the execution of the deed, is a question of law, the second, relating to the declarations of sale and the question of adverse possession, is an issue of fact. They are both properly characterized as "doubtful."

The court of chancery, in a line of specific performance cases, has been dealing with the question of how far it should go in deciding doubtful questions of law—holding that upon a question of fact it would not force the title upon an unwilling purchaser unless the facts to be established to make his title good were provable by public records, or by other evidence obtainable by a

holder of the title at any time thereafter when needed. But the various judges who have dealt with the matter in the court of chancery have seemed to be of the opinion that they could not escape the responsibility of determining the proper decision of a doubtful question of law. *Lippincott* v. *Wikoff (Vice-Chancellor Emery, 1895), 54 N. J. Eq. (9 Dick.) 107; Zane* v. *Weintz (Vice-Chancellor Grey, 1903), 65 N. J. Eq. (20 Dick.) 214; Fahy* v. *Cavanagh (Vice-Chancellor Pilney, 1900), 59 N. J. Eq. (14 Dick.) 278; Barger* v. *Gery (Vice-Chancellor Stevenson, 1902), 64 N. J. Eq. (19 Dick.) 263; M. E. Church* v. *Roberson (Vice-Chancellor Bergen, 1904), 68 N. J. Eq. (2 Robb.) 481; Zelman* v. *Kaufherr (1909), 76 N. J. Eq. (6 Buch.) 52; Deseumeur* v. *Rondel (Vice-Chancellor Garrison, 1909), 76 N. J. Eq. (6 Buch.) 394.*

I incline to the opinion that, in view of two recent decisions in the court of errors and appeals, the court of chancery has gone farther than it should go in deciding doubtful questions of law; and, of course, is fully vindicated and justified in not attempting to decide an issue of fact affecting the title where proof of the facts is not of record or always available to use. The two cases to which I refer are *Van Riper* v. *Wickersham (1910), 77 N. J. Eq. (7 Buch.) 232,* and *Doutney* v. *Lambie (1910), 78 N. J. Eq. (8 Buch.) 277.* Under the language of these cases, this court should not force a title upon the defendant where there exists a legitimate question or doubt, either of law or of fact, affecting the title.

Undoubtedly, in the case at hand, there is a doubt as to the proper decision of either of the questions.

As to the execution of the deed, each side has furnished me with briefs of many pages, containing numerous citations; and the courts of other jurisdictions have varied from a requirement that the execution in the name of the principal is not good unless his name appears followed by that of the attorney, to those in which the court has stated that it might draw an inference from the whole document irrespective of the technical way in which it was executed.

The cases in New Jersey have not decided this matter because it has never squarely been raised. The nearest approach to it is

in the following cases, and they certainly do not tend to settle the question definitely as to whether an execution of a deed in which the name of the principal does not appear as a signatory at all would be good. *Howe* v. *Van Winkle* (*Chancellor Zabriskie, 1867*), *18 N. J. Eq.* (*3 C. E. Gr.*) *495; Borcherling* v. *Katz* (*Vice-Chancellor Van Fleet, 1883*), *37 N. J. Eq.* (*10 Stew.*) *150; Connely* v. *Haggarty* (*Vice-Chancellor Grey, 1903*), *65 N. J. Eq.* (*20 Dick.*) *597; Sheldon* v. *Dunlap* (*Supreme Court, 1837*), *16 N. J. Law* (*1 Harr.*) *245; Kean* v. *Davis* (*Supreme Court, 1845*), *20 N. J. Law* (*Spenc.*) *426; Den* v. *Hay* (*Supreme Court, 1847*), *21 N. J. Law* (*1 Zab.*) *174; Dayton* v. *Warne* (*Court of Errors and Appeals, 1881*), *43 N. J. Law* (*14 Vr.*) *659; Woodridge* v. *Hall* (*Supreme Court, 1885*), *47 N. J. Law* (*18 Vr.*) *391; Loeb* v. *Barris* (*Supreme Court, 1888*), *50 N. J. Law* (*21 Vr.*) *382; Vliet* v. *Simanton* (*Supreme Court, 1899*), *63 N. J. Law* (*34 Vr.*) *458.*

Unquestionably, therefore, there is great doubt as to whether or not this was a proper execution of the power and whether the deed conveyed the land of the principals.

With respect to the question of the declarations of sale, while it has undoubtedly been settled in this court (*Brady* v. *Lewis, supra*), that in a direct issue between those presently entitled to the declarations of sale and the occupiers of the land in a suit to quiet title, a failure to prove entry as against adverse possession will defeat the holders of the declarations of sale, there is still open in this suit, where the holders of the declarations of sale are not represented or bound, all the questions of fact which must rest for their proof in the memory of witnesses, and must proceed either from the mouths of witnesses or from written documents even the existence of which is not now known. In other words, as I have pointed out in the case of *Sulk* v. *Tumulty* (*1910*), *77 N. J. Eq.* (*7 Buch.*) *97*, each case of title by adverse possession must of necessity rest upon its own facts, and every fact entitling the party to adverse possession must be made out by clear proof and proper inference; and, therefore, it is improper, where the parties between whom such an issue would be raisable are not present, to decide that a title by adverse possession is made out; and it is certainly improper in a specific performance case; the

opinion in *Doutney* v. *Lambie, supra* (at *p. 279*), saying it was elemental and fundamental that "the court cannot satisfactorily or conclusively settle a title in the absence of the parties who are not before them in the suit to assert their estate or interest in the lands."

For these reasons I am constrained to deny the prayer for specific performance, and the bill must be dismissed, with costs.