JOHN W. GOSMAN

*v.*

HENRY PFISTNER.

[Decided June 24th, 1912.]

1. Where the record title to land shows a conveyance by a trustee to a third person, and a reconveyance to the trustee individually, a purchaser will not be compelled to take such title.

2. A purchaser of land has constructive notice of what appears in antecedent title deeds.

3. Where a conveyance of land by a trustee to a third person, and a reconveyance to himself individually, were made only eight years before a suit for specific performance, the title will not be held marketable under the rule that after the lapse of a long period of time equity will presume that a trustee accounted to the beneficiaries and that all claims against him were barred by delay.

4. An outstanding tax title does not render the title to land unmarketable, where no entry under such tax title has been made within twenty years, since it is barred by the common law limitation.

5. Specific performance of a contract for the sale of three lots will not be decreed as against the purchaser, where the title to one of the lots is defective.

*Mr. J. Henry Harrison,* for the complainant.

*Mr. Spaulding Frazer,* for the defendant.

HOWELL, V. C.

This is a bill for the specific performance of an agreement to convey real estate. The defendant objects to the title tendered by the complainant for the reason that it is not a marketable one, and he relies upon the title deeds for a demonstration and defence of his position. There are three tracts described in the agreement, as to one of which there is no objection; as to the other two the objections are as hereinafter stated. For the sake of convenience I will refer to these two as tracts A and B.

The record shows that prior to June 3d, 1876, one William Nelson held a mortgage on tract A, which mortgage after his death was foreclosed. At the foreclosure sale the land was bought in by the executors and trustees under his will, and the title taken from the sheriff to them as such executors and trustees on the date last named. No other step occurs in the transaction until August, 1906, during which time two of the executors and trustees died, leaving Thomas Nelson as sole surviving executor and trustee. On the last-named day he, in his capacity of executor, transferred the title to William H. Robinson, who in turn transferred it back to Thomas Nelson, individually, both deeds being in consideration of one dollar and other valuable considerations. Thomas Nelson subsequently died leaving a will by which he gave to his executors a power of sale of his real estate, by virtue of which power they conveyed the premises in question to one Klimbach, who conveyed to the complainant, Gosman. The question in regard to this tract is whether enough appears upon the record to make the title unmarketable. It was held in the leading case of *Smith* v. *Drake, 23 N. J. Eq. (8 C. E. Gr.) 302,* that if an administrator or other trustee, directly or indirectly, should purchase lands at a sale made by himself as such, the sale would be set aside on application of the parties interested. In that case an administrator sold lands at public auction and obtained therefor a fair price, but the property was

28

bid in for himself by one of his friends. The sale was set aside and an accounting ordered upon the ground that the administrator became a constructive trustee for the parties in interest. A purchaser of land is bound by constructive notice of what appears in the antecedent title deeds. Here is a disclosure by these documents that Thomas Nelson held the title to the land in question as trustee under his father's will for thirty years, and that he then procured the land to be conveyed to himself. This is notice to the defendant of an irregularity which might affect the title to the lands. The case of *Tillotson* v. *Gesner, 33 N. J. Eq.* (*6 Stew.*) *313*, is almost on all fours with the case in hand. That was a case for specific performance in which it appeared that there was a conveyance of land voluntary on its face made by a defendant in a suit just before a judgment for a large sum was rendered against him, which would have been a lien on the land if such conveyance had not been made. Specific performance of the agreement was not enforced upon the ground that there was apparent upon the face of the papers a situation which might subject the purchaser to litigation and make the title doubtful, and that if the title to land be doubtful, equity will not compel the defendant to take it and so expose himself to the hazard of litigation. Upon this theory courts of equity have frequently declined to compel a purchaser to accept a title which, though questionable, the court believed to be good. The case cited was followed in this court by *Cornell* v. *Andrews, 35 N. J. Eq.* (*8 Stew.*) *7*, and affirmed by the court of errors and appeals in *Van Riper* v. *Wickersham, 77 N. J. Eq.* (*7 Buch.*) *232*, and *Doutney* v. *Lambie, 78 N. J. Eq.* (*8 Buch.*) *277*. The effect of the constructive notice is discussed in *Smith* v. *Vreeland, 16 N. J. Eq.* (*1 C. E. Gr.*) *198; Spielmann* v. *Kliest, 36 N. J. Eq.* (*9 Stew.*) *199; Jennings* v. *Dixey, 54 N. J. Eq.* (*9 Stew.*) *490; Condit* v. *Bigalow, 64 N. J. Eq.* (*19 Dick.*) *504; Roll* v. *Rea, 50 N. J. Law* (*21 Vr.*) *264; Schwoebel* v. *Storrie, 76 N. J. Eq.* (*6 Buch.*) *466.* I am therefore driven to the conclusion that the record title contains a notice to any purchaser that the title to the land in question might become subject to litigation to which he could be made a party on the ground of notice. It was held

in *Starkey* v. *Fox, 52 N. J. Eq.* (*7 Dick.*) *758,* and afterwards affirmed by the court of errors and appeals, that a court of equity would presume, after the lapse of a long period of time, that the trustee had accounted to the beneficiaries, and that all claims against him were barred by long delay, but that case is not authority for the position taken by the complainant here. In this case it appears that Thomas Nelson held the title in his fiduciary capacity until 1906, and that his breach of trust, if breach of trust it was, began at the time when he caused the land to be conveyed to himself. This is but eight years ago, and it could hardly be said that sufficient time had elapsed to bar claims under the authority of *Starkey* v. *Fox,* and so that case is differentiated from this, and still leaves the matter in such doubt as that the court ought not to force the title on the defendant. Lot B is in a different class. There the objection is to a tax title outstanding in the name of a third person. No entry has been made under it within twenty years last past, so that the common law limitation has run against it. The title therefore to lot B cannot be deemed doubtful. *Beatty* v. *Lewis, 68 Atl. Rep. 95.*

Although the title to two of the lots is unobjectionable, the court cannot compel the defendant to accept a conveyance of them. He bargained for the three lots by one contract and at an inclusive price, and he cannot be driven to take a part only; he has the right to all or none.

I will advise a decree in accordance with these views.