This is a bill for specific performance of a contract for the sale of land. The complainants are the vendors and the defendants the vendees. The matter is submitted to me on the pleadings and an agreed state of facts. The defense to this suit is that the complainants are unable to convey a marketable title, and that there is a strong probability that the defendants will be subjecting themselves to litigation if they take title and be obliged at some future time to defend *Page 244 
their title against claims of persons not now sui juris, and that claim is based on the facts as they appear in the stipulation. Those facts, so far as it is necessary to detail them here, are as follows:
On August 1st, 1911, Salvatore Dicomo, Guiseppe Russo and Guiseppe Dicomo acquired, as tenants in common, by deed, a tract of land in Irvington, New Jersey, of which the premises involved in this suit are a part. On January 19th, 1915, these co-tenants, with their wives, joined in a mortgage covering the whole tract. Guiseppe Dicomo, one of the co-tenants, died on December 23d 1917, intestate, leaving him surviving his wife and three children, all of which children were and still are minors. The mortgage became due after the death of Guiseppe Dicomo, and demand for payment was made by the mortgagee upon all parties in interest. Payment being refused, foreclosure proceedings were instituted which resulted in a sale of the premises, and at that sale Salvatore Dicomo, one of the co-tenants, became the purchaser. Immediately after receiving the sheriff's deed, Salvatore Dicomo conveyed an undivided one-fourth interest in the property so purchased, to Guiseppe Russo, one of the original co-tenants. In 1922 Russo reconveyed this interest to Salvatore Dicomo. The widow and infant children of Guiseppe Dicomo were made parties defendant to the foreclosure suit, a guardian atlitem was appointed for the infant children, and due appearance and answer was entered and filed by the guardian. At the foreclosure sale the property sold for $6,000, the then reasonable value of the lands, and the sale also produced a surplus which was deposited with the clerk of this court, and which was thereafter distributed amongst the parties entitled thereto, including the widow and the guardian of the infant heirs-at-law of Guiseppe Dicomo.
The deeds and mortgage hereinabove referred to were all duly recorded and all the facts above recited are matters of public record. In January, 1924, Salvatore Dicomo conveyed a portion of the property which he purchased at the foreclosure *Page 245 
sale to the complainant Morris Breitman, and Breitman in turn conveyed a half interest in those premises to Nathan Turkel, the other complainant. The premises which are the subject of this suit are a portion of the lands conveyed by Salvatore Dicomo to Breitman, in January, 1924. Since the date of this conveyance the complainants have erected three large buildings on the premises purchased by them, and one of those buildings is located on the lands which the complainants agreed to convey to the defendants.
Breitman and Turkel are bona fide purchasers for a valuable consideration without notice of any outstanding equities or trust interests except such as may be inferred from the records. The complainants are ready and willing to perform but the defendants have declined to accept a conveyance, alleging that the complainants have not a marketable title.
The first question here presented is whether or not Salvator Dicomo acquired absolute title to the premises of which he became the purchaser at the foreclosure sale, or whether or not that property was, upon such purchase, impressed with a trust in favor of the other co-tenants. This is, to my mind, a mixed question of law and fact, and no one not a party to this suit is bound by the stipulated facts. Second, if so impressed, whether or not the complainants took title to the premises, the subject of this suit, with notice of that trust, and third, whether under all the circumstances the title is unmarketable.
 1.
The general rule in this country is that "a tenant in common in possession and enjoyment of a common property occupies a confidential relation to his co-tenants, and because of this relation there is an implied obligation on his part to sustain and protect the common title. Therefore, if a co-tenant in possession of common property purchases that property, either directly or indirectly, at a sale under foreclosure or a mortgage or deed of trust, the purchase will be deemed to have been made for the benefit of all of the co-tenants; provided, however, the other co-tenants elect within a reasonable *Page 246 
time so to consider the purchase and offer to contribute their respective proportions of the purchase price. 7 R.C.L. 857 §51 et seq.; 19 L.R.A. (N.S.) 591 note; 7 Am. L. Rep. 297, and cases cited; 38 Cyc. 40; 1 Washb. Real Prop. 430 ch. 13 §14.
That this general rule, in principle, obtains in New Jersey is shown by Weller v. Rolason, 17 N.J. Eq. 13, where it was held that "where two or more persons having an interest in lands claim under an imperfect title, and one of them buys in the outstanding title, such purchase will inure to the common benefit upon contribution made to repay the purchase-money." See, also,United New Jersey Railroad and Canal Co. v. Consolidated FruitJar Co., 55 Atl. Rep. 46; Ennis v. Hutchinson, 30 N.J. Eq. 110;Roll v. Everett, 73 N.J. Eq. 697.
In the case of Ennis v. Hutchinson the principle was applied to the purchase at a judicial sale by one co-tenant of the interest of the other co-tenants in a boat; and in Roll v.Everett the principle was applied to the purchase of a tax title to common property by one of the co-tenants. I have found no reported case in New Jersey where the rights of infant co-tenants in the common lands purchased by an adult co-tenant at foreclosure sale, under the circumstances of this case, have been determined. Counsel for complainants has directed my attention to the unreported case of Abramson v. Abramson (docket 55, page 199), in which he claims that this question was there decided in this court adversely to these defendants. I understand that case was tried on its merits and the bill was dismissed. But what moved the court to that action is purely a matter of conjecture, as no opinion was filed, and, therefore, I do not feel that it is dispositive of the issue here. Nor do I deem it either necessary or proper for me to here attempt to determine whether or not the infant heirs of Guiseppe Dicomo have any interest in the lands here involved, because any conclusion to which I might arrive with respect to that question would not be binding upon them nor would it be binding upon Salvatore Dicomo, the purchaser at the foreclosure sale, because none of these persons are parties to this suit and their rights ought not *Page 247 
to be prejudiced by my pronouncement here; and second, because it is not necessary that I determine definitely that there is an outstanding interest in these infant heirs, or the extent of that interest, if it exists, in order to sustain the defense here, but only that there is a "doubtful question of law or fact affecting the title." I have referred to the foregoing rule and cited authorities to show its general application, and that the principle therein involved obtains in this state, merely for the purpose of indicating that there is a strong probability that the defendants, if they accepted the title which the complainants offer, would be subjecting themselves to serious litigation.
 2.
Assuming, but not deciding, that the premises purchased by Salvatore Dicomo became immediately impressed with a trust in favor of his other co-tenants, it seems to me clear that the complainants acquired title with full notice of whatever outstanding equities or trusts this property was charged with as a result of the circumstances above detailed. A purchaser of real property is chargeable with notice of such facts affecting the title as may be ascertained by reference to the chain of title of such property as spread forth upon the public records. Den v.McKnight, 11 N.J. Law 385 (at p. 393); Mitchell v.D'Olier, 68 N.J. Law 375; Bock v. Koch, 99 N.J. Eq. 184.
As all of the facts upon which the infant heirs of Guiseppe Dicomo might base their claim to an interest in this property are matters of record, the complainants' title is subject to whatever claim these infants have (7 R.C.L. 863 § 55), and as they are still infants, such claim as they do have is not barred by their failure to press their claim up to this time.
 3.
The next question to be considered is whether or not the situation existing here renders the title to the premises in *Page 248 
question unmarketable, and, therefore, justifies the defendants in refusing to perform.
It has been uniformly held in this state that a court will never compel a purchaser to take a title unless it be one which puts the purchaser in all reasonable security that no flaw or doubt will come up to disturb its marketable title, provided that the doubt be real and not fanciful. Barger v. Gery, 64 N.J. Eq. 263; Methodist Episcopal Church v. Roberson, 68 N.J. Eq. 433; Potter v. Ogden, 68 N.J. Eq. 412; Zelman v. Kaufherr,76 N.J. Eq. 52; Deseumeur v. Rondel, 76 N.J. Eq. 402; Kohlrepp v.Ram, 79 N.J. Eq. 386; Gosman v. Pfistner, 80 N.J. Eq. 432.
In Gosman v. Pfistner, supra, which was a suit for specific performance where the record title to land showed a conveyance by the trustee to a third person and a reconveyance to the trustee individually, the court refused to compel the purchaser to take the title. In that case Vice-Chancellor Howell, referring to the case of Tillotson v. Gesner, 33 N.J. Eq. 313, said:
"That was a case for specific performance in which it appeared that there was a conveyance of land voluntary on its face made by the defendant in a suit just before a judgment for a large sum was rendered against him, which would have been a lien on the land if such conveyance had not been made. Specific performance of the agreement was not enforced upon the ground that there was apparent upon the face of the papers a situation which might subject the purchaser to litigation and make the title doubtful, and that if the title to land be doubtful, equity will not compel the defendant to take it and so expose himself to the hazard of litigation. Upon this theory courts of equity have frequently declined to compel a purchaser to accept title which, though questionable, the court believed to be good. * * * I am therefore driven to the conclusion that the record title contains a notice to any purchaser that the title to the land in question might become subject to litigation to which he could be made a party on the ground of notice." *Page 249 
There is here presented, at least, "a doubtful question of law or fact affecting the title of the vendor," and it seems to me all too plain that if the defendants were obliged to accept the title to these premises, under the circumstances, they would very likely be purchasing a law suit, and it is not necessary for me to forecast the result of that law suit in order to dispose of the question of specific performance here.
For the reasons above stated, I am of the opinion that the defendants ought not to be compelled to perform, and I will therefore advise a decree dismissing the bill.