Complainant's testator contracted to sell certain lands to the defendant for $12,000, but at the time of his death the contract had not been performed. By his will testator devised the premises to "Mrs. William Costello," who was then, and is now, in possession and claims title. She is not a party to this suit. The legal title to the premises is in her by virtue of the provisions of the will, subject, of course, to the equitable rights of the parties to this suit. Obviously, possession cannot be delivered in accordance with the terms of the contract as Mrs. Costello refuses to vacate the premises, and has given notice of her intention to stand on her rights, whatever they may be; in fact, she has already filed a bill in this court against the complainant to establish her alleged rights in the premises. Ordinarily delivery of possession is essential to the transfer of a good title, unless the agreement provides otherwise. Here, the agreement expressly provides for delivery of possession upon delivery of the deed. This the vendor cannot do, and as the vendor is unable to deliver such possession with title, the vendee may refuse to perform. Dobbs v. Norcross, *Page 437 24 N.J. Eq. 327; Eisler v. Halperin, 89 N.J. Law 278. To compel performance by the defendant under these circumstances would force him to purchase a law suit, and this the court will not do. Barger v. Gery, 64 N.J. Eq. 263; Methodist EpiscopalChurch v. Roberson, 68 N.J. Eq. 431; Potter v. Ogden, Ibid.409; Zelman v. Kaufherr, 76 N.J. Eq. 52; Deseumeur v. Rondel,76 N.J. Eq. 394; Kohlrepp v. Ram, 79 N.J. Eq. 386; Gosman v.Pfistner, 80 N.J. Eq. 432; Breitman v. Jaehnal, 99 N.J. Eq. 243; Standard Realty Co. v. Gates, Ibid. 271.
It also seems plain that the complainant is not in a position to perform and therefore cannot require performance by the defendant. While the will gives the executor power of sale of real property, the premises here involved are expressly excepted from such power and it cannot deliver good title because the legal title is vested in Mrs. Costello. In equity, every party interested in sustaining or defeating the object of the suit should be a party and be heard before decree. 2 Story Eq. Jur.
§ 1526. As Mrs. Costello is not a party here the court has no jurisdiction to direct a conveyance by her and her interest in the property would not be barred by a decree in this suit.Coles v. Feeney, 52 N.J. Eq. 493; Kempton v. Bartine,59 N.J. Eq. 149; Reddish v. Miller's Administrator, 27 N.J. Eq. 514.
Ordinarily the court might direct this cause to stand over until Mrs. Costello was brought in as a party defendant, the spirit of equitable procedure being to settle once and for all in one suit all disputes concerning the subject of the litigation.Kempton v. Bartine, supra; Coles v. Feeney, supra. But the circumstances do not warrant that procedure. The contract is dated October 17th, 1929, and calls for performance on November 14th, 1929; the bill was filed September 10th, 1930; the inability of the complainant to perform because of the outstanding legal estate in Mrs. Costello was pleaded by the defendant as a defense to this action on October 3d 1930, and no attempt has been made by the complainant to join Mrs. Costello as a party. At the final hearing on April 28th, 1931, the evidence showed that since the making of the contract the property *Page 438 
had materially depreciated in value and that it would be a hardship to compel the defendant to accept title at this time. Under these circumstances the title should not be forced upon an unwilling vendee. Reddish v. Miller's Administrator, supra.
The defendant counter-claims for his down-money and it should be awarded to him. I will advise a decree accordingly.