This cause is before the court for final hearing on bill and answer and motion to strike counter-claim.
Joseph Scopollitti died October 17th, 1940, having duly made his last will and testament, whereby he devised and *Page 126 
bequeathed his entire estate to his wife for life, remainder to his six children. The will appoints Mrs. Scopollitti executrix, directs her to pay testator's debts and gives her power of sale in these words:
"I give to my executrix, hereinafter named, and to her survivors, full power and authority to grant, bargain, sell and convey any or all of my estate to any person or persons in fee-simple or otherwise, at public or private sale, at such times, and upon such terms as she or they shall think fit."
The complainants are one of the daughters of testator, her husband, and the husband of another daughter. The defendants are the other children, their spouses, and the executrix. The object of the bill is to set aside a conveyance by the executrix to Dominic, one of the sons.
Testator left personal property of only negligible value. But he left three pieces of real estate: a bungalow on a 50-foot lot on William Street, Kearny, worth, according to defendants' estimate, $4,000; three vacant lots adjoining, which they value at $1,500; and two two-family houses on Cross Street, Harrison, of a value of $11,000, but subject to a mortgage of $5,000.
On May 20th, 1941, Mrs. Scopollitti, individually and as executrix, conveyed the bungalow property to Dominic for these considerations:
The satisfaction of a debt of $2,963 owed by decedent to Dominic.
The relinquishment by Dominic of his interest in the estate, which defendants say was worth $1,350.
An agreement by him to permit the executrix (his mother) to live at the premises rent free for life and to support and maintain her there.
An agreement to permit Dominic's sister, Grace, aged 15, to live there rent free during their mother's life and until she marry or become self-supporting.
If the property had been sold by the executrix in the ordinary way for the estimated value of $4,000, the proceeds, after paying the debt to Dominic, would have been invested with the income payable to the widow for life, about $50 a *Page 127 
year. But instead, she bargained for support and maintenance for herself and her daughter for life. This must be worth several times as much as the income she would have received from the proceeds, say, $5 a week or $260 a year. A transaction so advantageous to the executrix personally must have tempted her to disregard the interest of the estate. The widow received indirectly, as one of the beneficiaries of the estate, another benefit from the sale; for the claim of Dominic, which was canceled by the sale, was a charge upon her life interest as well as on the remainders. This indirect benefit is not a ground for avoiding the conveyance.
Defendants say that the part of the consideration in which the executrix had no immediate personal interest, equaled the fair value of the property. This was the cancellation of the $2,963 debt and the relinquishment by Dominic of his interest in the estate — worth, they say, $1,350 — making a total of $4,313. But the present value of Dominic's interest, instead of being $1,350, is only that sum, less the value of the life estate of the widow. Her age is not stated but since her youngest child is age 15, we may estimate her age at 60 and her life estate as worth one-third of the whole title. Dominic's interest has a present value of only $900 or thereabouts. It may also be noted that though the deed to Dominic was executed last May, the answer does not show that he has conveyed or tendered a conveyance to his brothers and sisters of his share in the lands of the estate in order to make his relinquishment effective.
An executor selling land cannot become the purchaser or personally interested in the purchase. No matter that the property is sold for its full value; the sale is voidable at the option of the cestui que trust, if the trustee has such an interest. Scott v. Gamble, 9 N.J. Eq. 218, 236. The rule is one of public policy.
"The law has established, as an inflexible rule, applicable to every emergency, that he (the trustee) shall not place himself in a situation in which he will be tempted to take advantage of hiscestui que trust." Staats v. Bergen, 17 N.J. Eq. 554, 558.
See, also, Romaine v. Hendrickson's Ex'rs, 27 N.J. Eq. 162;28 N.J. Eq. 275; Marshall v. *Page 128 Carson, 38 N.J. Eq. 250; Bassett v. Shoemaker, 46 N.J. Eq. 538; Marr v. Marr, 73 N.J. Eq. 643. These cases deal with a trustee's purchase of a trust property, but the rule is not limited to such cases. A trustee violates his duty to the beneficiaries, not only where he purchases the property for himself but where he has a personal interest in the transaction of a substantial nature. The trustee must not place himself in temptation. A sale of trust property is voidable, where the trustee receives individually a part of the consideration.
Defendants argue that the conveyance should be considered as two transactions, the sale of the widow's life estate for a consideration moving to her and the sale by the executrix of the remainder for a consideration moving to the estate. While she executed the deed individually and as executrix, her power of sale under the will was broad enough to convey the whole title. The answer shows only a single transaction, one in which the widow profited much and the estate received little. There was only one bargain and that one voidable by the cestuis.
I find it unnecessary to consider the other objections to the sale raised by complainants. There will be a decree setting the sale aside.
The defendants, by counter-claim, show that two of the complainants have purchased the mortgage on the Cross Street property of the estate, and pray that they be required to cancel it or hold it as trustees for the benefit of all the tenants in common. Counter-claimants rely on the rule that a confidential relationship exists between co-tenants holding under the same title. Where one of them buys an outstanding title or encumbrance, his purchase will inure to the benefit of the other co-tenants. Weller v. Rolason, 17 N.J. Eq. 13; Roll v.Everitt, 73 N.J. Eq. 697; Breitman v. Jaehnal, 99 N.J. Eq. 243; 100 N.J. Eq. 559. But only if they elect to contribute to the purchase price. Counter-claimants do not offer to pay anything; they want Chancery to compel the complainants to make them a free gift. This, of course, the court will not do. The counter-claim will be struck. *Page 129