REALTY COMPANY OF NEW JERSEY

*v.*

M. LORETTA BURGHARDT.

[Decided March 7th, 1919.]

1. The state has power to provide an action *quasi in rem* for the benefit of all parties interested in property, especially land within this state.

2. What is reasonable notice in an action *quasi in rem* depends upon the circumstances, and sometimes cannot be completely defined by statutes or rules of court, but must be left to be prescribed by the court in a particular case.

3. Section 10 of the Chancery act could not be applied to an action to quiet title in 1903.

On vendor's suit to compel specific performance by vendee of a contract to accept deed to real estate and pay for the same. Heard on stipulations and papers admitted in evidence by consent.

*Mr. William E. Decker,* for the complainant.

*Mr. Clarence Linn,* for the defendant.

STEVENSON, V. C.

The sole defence is that the title offered is not marketable.

1. The following will exhibit the alleged defect: In 1903, one Charles Siedler was in peaceable possession of the land, claiming absolute legal title in himself under five certain deeds, each of which purported to convey an undivided one-fifth. It appeared from the record, however, that in 1824 an undivided one-half interest was devised to one Jacob Vreeland. There was no further history of Jacob Vreeland's undivided half interest obtainable from the records or otherwise.

In 1903, Siedler filed a bill in the court of chancery of New Jersey under the provisions of the act entitled "An act to compel the determination of claims to real estate in certain cases and to quiet title to the same." *4 Comp. Stat. p. 5399.* The complainant, Siedler, being unable to ascertain whether Jacob Vreeland was alive, or if dead, who were his heirs or devisees, took proceedings in his suit under section 10 of the Chancery act to bring into the suit as defendants so as to bind them by the decree, parties named and described as "Jacob Vreeland, his heirs, devisees and personal representatives." A large number of persons were made defendants by their true names, many of them bearing the name Vreeland, and it is indirectly stated in the bill that these persons, or some of them, were heirs or devisees of Jacob Vreeland. There is no claim made or proof presented that these individuals who were proceeded against by name as absent defendants exhausted the class embraced within the term "heirs, devisees and personal representatives" of Jacob Vreeland. The bill by a very plain implication, as well as by the fact that

it undertakes to get the benefit of section 10 of the Chancery act, concedes that at least there might be heirs, devisees or personal representatives of Jacob Vreeland whose names are not known and who must be brought into the suit under section 10 of the Chancery act if they can be brought in at all. Some of the defendants whose names are given were served with process. The greater number of named defendants were proceeded against by publication, and among these last appears "Jacob Vreeland, his heirs, devisees and personal representatives."

2. It may be remarked in passing that the act of March 21st, 1912 (*P. L. 1912 p. 151; first supplement Comp. Stat. p. 1545*), as counsel for the complainant concedes, had no application to the *Siedler Case* in which the decree was made in 1903. No criticism has been made of the proceedings taken under section 10 of the Chancery act in this *Siedler Case*, excepting that this statute cannot be applied to an action to quiet title. This point was directly decided in the case of *Hill v. Henry* (*Vice-Chancellor Stevens, 1904*), *66 N. J. Eq. 150*. I am entirely unable to distinguish the case at bar from the case of *Hill v. Henry* above cited. One of the propositions decided as the basis of the decree dismissing the bill was "that the provisions of section 10 [of the Chancery act] have no application to the act to quiet titles."

3. Counsel for the complainant argues that the views expressed by Vice-Chancellor Stevens in *Hill v. Henry* in regard to the constitutionality of section 10 are no longer tenable in view of the decision of the supreme court of the United States in *American Land Co. v. Zeiss, 219 U. S. 47; 55 L. Ed. 82;* also citing *Cona. v. Henry Hudson Co., 86 N. J. Law 154*. I have not deemed it necessary to consider this matter because, conceding all that counsel for the complainant claims in regard to the constitutional questions involved in the case, the decision of the court of chancery that section 10 of the Chancery act does not apply to suits to quiet title stands unshaken.

4. My attention has also been called to the recent case of *Silver v. Gattel* (*Vice-Chancellor Lane, 1918*), *105 Atl. Rep. 137*, in which the applicability of section 10 of the Chancery act

to a suit to foreclose a tax lien under the Tax act of 1903 (*4 Comp. Stat. p. 5137 § 59*) was under discussion. Vice-Chancellor Lane differs widely from Vice-Chancellor Stevens upon the point under consideration, but I have not looked into the matters concerning which these two learned judges appear to differ. In *Hill* v. *Henry* the learned vice-chancellor seems expressly to except from the rule requiring a *named* defendant, "tax and condemnation cases," which cases, he adds, "are manifestly peculiar." (At *p. 155*.)

5. I do not doubt that the state has the power to provide an action *quasi in rem* for the benefit of all parties interested in property, especially land within the state. The *res* is within the state, and the other element, reasonable notice, it seems to me, can be provided for in all possible cases. The owners of property within the state are certainly not obliged to submit to inconvenience and loss because persons who appear on the public records as holding interests in the property have disappeared and it is impossible to ascertain whether or not their apparent interests have passed to and are held by persons unknown. What is reasonable notice in an action *quasi in rem,* as has often been said, depends upon circumstances and sometimes cannot be completely defined by statutes or rules of court, but must be left to be prescribed by the court in the particular case. It seems to me that it would be easy to give reasonable notice in an action *quasi in rem* to quiet a title so as to bring in and bind by the decree not only a party named as the original owner of, or claimant to, some title or interest in the land, but all unknown and unascertainable holders of any title or interest directly or remotely *derived from such party*. Such unknown possible claimants might include not only heirs and devisees of the party named, but devisees of heirs and heirs of devisees, and all other unknown parties acquiring title or colorable title to any interest in the land, which title or colorable title was originally derived from the party named in the bill. If any of the unknown and unascertainable possible claimants should appear in the suit and set up their claims, the decree in every instance would "fix and settle the rights of the parties" so as to quiet the title of the

complainant as against such party or "determine" precisely what the claim of the party was so that the complainant could deal with it.

The difficulty which confronts the complainant in this case arises from the fact that while the State of New Jersey has power to create such an action *quasi in rem* against unknown possible claimants whose names cannot be ascertained, according to the decision of this court in *Hill* v. *Henry,* it had not attempted to do so until after the Siedler suit in the year 1903.

6. The possibility that devisees of heirs and heirs of devisees of Jacob Vreeland, and grantees and mortgagees from Jacob Vreeland or from parties who derived title from Jacob Vreeland, may be in existence to-day whose interests could not be affected by the decree in 1903 in the Siedler suit, conceding that section 10 of the Chancery act was applicable to that suit, was not the subject of any argument in this case and therefore has not been considered.

Vice-Chancellor Stevens, in *Hill* v. *Henry* (at *p. 158*), in effect, expresses the opinion that such possibility would make a suit to quiet title fail even if valid proceedings could be taken under section 10 to bring in unknown and unascertainable heirs and devisees of a party named. In *Silver* v. *Galtel, supra,* Vice-Chancellor Lane decided that the title offered was marketable, although the decree on which it rested was based upon a decree of this court in a suit under the Tax act above referred to against parties named and their "unknown heirs, devisees and personal representatives" without considering the narrow scope of the notice provided for by the statute. As I have already intimated, a distinction plainly may be drawn between suits to establish tax titles which are practically strict foreclosures (*Mitsch* v. *Owens, 82 N. J. Eq. 404*) and suits to quiet title.

In this connection it may be noted that the answer shows that the title offered rests upon proceedings against unknown heirs or devisees of Jacob Vreeland brought into the suit pursuant to the Chancery act, but does not allege or point out in any way that there may be holders of interests originally derived from Jacob Vreeland other than heirs or devisees of Jacob Vreeland.

The answer seems to confine the objection to the title to the fact that there were or might be other *heirs* of Jacob Vreeland besides those specifically named in Mr. Siedler's bill of complaint, and that those possible unknown heirs could not be brought into the suit by proceedings under section 10 of the Chancery act. In view of the form of the answer and the absence of argument, the point above referred to, I think, may well be left undecided in this case.

7. The bill does not allege, nor is there any proof, that the complainant holds a title which he, or any of his predecessors in title, obtained by adverse possession against all parties who claim or might claim a title or interest derived originally from Jacob Vreeland. The argument on both sides has been confined to the question whether the title, or colorable title, originating in the devise of an undivided half of the land to Jacob Vreeland in 1824 was extinguished in 1903 by the final decree in the Siedler suit which undertakes to adjudge that the defendants, including "Jacob Vreeland, his heirs, devisees and personal representatives," have no estate or interest in the land in question, and that as to these defendants the title of the complainant is "determined, fixed and settled and declared to be good." Without undertaking to consider this question as one open to discussion on the merits, I merely find that I am obliged to hold that the question is answered in the negative, so far as the court of chancery at present is concerned, by the well-considered decision in the case of *Hill v. Henry*. If the complainant is entitled to a different answer he must get it from our court of last resort.

The bill will be dismissed.