AMELIA FRANKLIN, complainant-appellee,

*v.*

ANNA C. CRETH and ELIZABETH E. CRETH, defendants-appellants.

[Submitted January term, 1925.  Decided March —, 1925.]

A court of equity will not pass upon the validity of a restrictive covenant contained in a deed, even though it may not run with the land or bind the grantor covenantee, when there are subsequent grantees of other adjoining lots and a subsequent grantor covenantee of the first lot in whose deed the same restriction has been inserted, and said subsequent grantees covenantors and said subsequent grantor covenantee of the first lot are not parties to the litigation.

On appeal from the court of chancery advised by Vice-Chancellor Ingersoll, whose opinion is not reported.

*Mr. Joseph Beck Tyler,* for the appellants.

*Mr. William Elmer Brown,* for the appellee.

The opinion of the court was delivered by

KAYS, J.

The bill in this case was filed for the purpose of relieving the complainant from the operation of a restriction contained in a deed originally made by the defendants, convey-

ing a certain lot in Ocean City, which lot was subsequently conveyed to the complainant.

The decree advised by the vice-chancellor nullifies a restrictive covenant in deed made by Anna C. Creth and Elizabeth E. Creth, the defendants, to Sarah W. Liggett, dated September 20th, 1906, and conveying a lot designated as "number 867 in section C on a plan of lots of Ocean City Association, in Ocean City, New Jersey," and is situate on the northwesterly corner of the intersection of Ocean avenue and Eleventh street. The lot faces Ocean avenue, which avenue is distant about two hundred and fifty-four and twelve hundredths feet from the boardwalk in Ocean City. The boardwalk extends along the ocean front.

At the time of the conveyance to Sarah W. Liggett, the defendants, Anna C. Creth and Elizabeth E. Creth, owned eight lots in this same section. The lots so owned by the defendants, fronting on Ocean avenue and immediately westward of lot number 867, were lots numbers 868, 869 and 870. Northwesterly and in the rear of these lots were four other lots owned by the defendants, being lots numbers 816, 817, 818 and 819. Lot number 867, which was conveyed by the deed in question, adjoins lot number 816, and lies between lot number 816 and Ocean avenue. The restrictive covenant in the deed reads as follows:

"Subject to the restrictions of the Ocean City Association and also the restriction that the said lot hereby conveyed shall be used for no other purpose than a site for private cottage, costing not less than $4,000."

On May 1st, 1920, Sarah W. Liggett and husband conveyed the lot to Katharine Kenderdine and inserted in the deed the same restrictive covenant quoted above. On September 25th, 1920, Katharine Kenderdine and husband conveyed this lot to the complainant, Amelia Franklin, and inserted in the deed the restrictive covenant quoted above.

Amelia Franklin, the complainant, filed this bill against the defendants, Anna C. Creth and Elizabeth E. Creth, as the sole defendants and the only other parties to this suit for

the purpose of voiding and nullifying the restrictive covenant above quoted.

At the time of the conveyance first above mentioned from the defendants to Sarah W. Liggett, the defendants owned seven other lots. These lots were subsequently conveyed by the defendants to other parties, and in none of the deeds from the defendants to other parties of the said other lots is there a similar covenant.

The court of chancery held that because the restrictive covenant set forth in the bill of complaint was not a part of the general plan of improvement, the subsequent grantee or grantees of an adjoining lot were not entitled to enforce it against the owner; that the restrictive covenant was purely personal, and the defendants, having divested themselves of all the remaining land, had no further right to enforce the same, and that, therefore, the restrictive covenant was of no effect, invalid and unenforceable as against complainant's property, and that complainant's property is free and clear of the operation thereof.

We believe that the validity of this restrictive covenant should not be determined by the court in this suit. The defendants, Anna C. Creth and Elizabeth E. Creth, now own none of the eight lots above referred to, and, presumably, have no further interest in the subject-matter of this litigation. On the other hand, the subsequent grantees of the defendants are the present owners of the seven other lots, and may have an interest in the matters in litigation and should be afforded an opportunity to be heard. Our courts have held that under certain circumstances subsequent grantees may enforce a personal covenant of a former grantee from a common grantor of several adjoining lots, even though the covenant does not run with the land, nor bind the common grantor. Such a rule was referred to by Vice-Chancellor Stevens in the case of *Leaver* v. *Gorman, 73 N. J. Eq. 129,* and by Chancellor Walker in the case of *Hyman et al.* v. *Tash, 71 Atl. Rep. 742.* Since the same restrictive covenant was contained in the deed from Katharine Kinderdine and husband to the complainant, Katharine Kinderdine may have an

interest in the subject-matter thereof, and should be entitled to be heard, for the reason that she may be the owner of other lots affected by the restriction contained in her deed to complainants.

We might also call attention to the fact that it is not the grantor covenantees, nor their subsequent grantees, who are before the court asking for the enforcement of a restrictive covenant, but the grantee covenantor asking for the annulment of a covenant, which she solemnly made to her grantor.

In *Coudert* v. *Sayre, 46 N. J. Eq. 386,* Vice-Chancellor Van Fleet held that this could not be done. However, as this point was not raised before the vice-chancellor nor by counsel here, we do not now pass upon it.

We, therefore, are of the opinion that no decree should be made invalidating this restrictive covenant, since the owners of the seven other lots, who are subsequent grantees of the defendants, and Katharine Kinderdine and husband, who were the grantors of the defendants, have not been afforded an opportunity to be heard.

The decree appeal from will therefore be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 14.