The bill in this cause was filed for specific performance of an agreement of sale and purchase of certain land in the city of East Orange. The agreement of sale provided that the property should be purchased by the defendant of the complainant for $2,650, $500 in cash to be paid upon the signing of the agreement; $2,050 by the assumption of a mortgage on the property and $100 in cash on delivery of deed. The property is described in said agreement as follows:
All the following described premises in the city of East Orange, county of Essex and State of New Jersey: *Page 226 
All that certain plot situate on the northeast corner of Rutledge avenue and North Walnut street, having a frontage of fifty-nine (59) feet on Rutledge avenue, one hundred and fourteen (114) feet on North Walnut street, forty-nine (49) feet across the rear and being one hundred and seven (107) feet on the east line, be the same more or less.
The agreement of sale contains the following clause:
"It is further understood and agreed that the plot is restricted to a one-family dwelling with attached garage. Also that the building will be in line with other houses on Rutledge avenue, conveyance to be made subject to East Orange zoning restrictions."
The lot has a frontage of fifty-nine feet on Rutledge avenue and one hundred and fourteen feet on North Walnut street. After entering into the agreement of sale, and before the date fixed for settlement, it was discovered by the defendant that the lot which was the subject of this agreement, with other lands, was conveyed by Edward S. Pierson et al. to Provident Realty and Construction Company, by deed dated April 1st, 1912, recorded in Essex county in Deed Book W-50, page 31, and that in said deed the following restrictions were imposed upon the lands therein described:
"First. That the above described premises shall be used for private residence purposes only; that not more than one dwelling-house for a single family only shall be erected fronting on North Walnut street, on a lot having a frontage of not less than fifty feet and such residence shall cost not less than $5,000, and the front wall or foundation thereof shall be situated not less than fifty feet from the street line of North Walnut street, and further that said lot shall be located on that most northerly part of said premises and next adjoining the property of one George F. Griffiths.
"Second. That not more than one dwelling-house for a single family only and to cost not less than $5,000, shall be erected on any lot or portion thereof, of a less frontage upon Rutledge avenue than fifty feet and that the front wall or foundation thereof shall be situated so as to conform to the *Page 227 
present building line as established by the other residences on the northerly side of Rutledge avenue.
"Third. Any dwelling-house erected facing Rutledge avenue on the lot on the corner of Rutledge avenue and North Walnut street, shall be situated so that the side wall thereof shall be located not more than ten feet from the easterly line of said lot.
"Fourth. These covenants and restrictions shall run with the land until and including twenty years from the date hereof."
It also appears from the agreed state of facts that after the execution of the agreement of sale the defendant learned that in a deed from North Jersey Realty Company to Agnes D. Matthews, dated June 12th, 1914, and recorded in Essex county in Book K-54, page 447, which deed apparently conveyed the lot in question, with other lands, the following restrictions were imposed on the lands thereby conveyed:
"First. That the above described premises shall be used for private residences only; that not more than one dwelling-house for a single family only and to cost not less than $5,000 shall be erected on any lot or portion thereof of a less frontage upon Rutledge avenue than fifty feet and that the front wall or foundation thereof shall be situated so as to conform to the present building line as established by the other residences on the northerly side of Rutledge avenue.
"Second. Any dwelling-house facing Rutledge avenue on the lot on the corner of Rutledge avenue and Walnut street shall be situated so that the side wall thereof shall be located not more than ten feet from the easterly line of said lot.
"Third. These covenants and restrictions shall run with the land until and including twenty years from the date hereof; if the restrictive agreement made and placed on record by Edward S. Pierson and others affecting property fronting on Walnut street can be waived and made not to apply to the property covered by this deed when it was never intended to have covered by the restrictive agreement in question then and in that case the restrictions above mentioned *Page 228 
shall be null and void and shall not apply to the land conveyed by this deed excepting as follows: That the premises shall be used for private residence purposes only and that not more than two dwelling-houses each for a single family only and each to cost not less than $5,000 shall be erected on the property covered by this deed; that no house shall be erected on any lot or portion of a lot fronting on Walnut street unless said lot or portion of lot shall have a width of not less than fifty feet and no house shall be erected facing or fronting on Walnut street, the front wall or foundation of which shall be less than fifty feet from the street line.
"These restrictions shall be and remain in effect until October 30th, 1933."
After discovering the nature of the restrictions imposed upon the lot which was the subject of the agreement of sale, as above detailed, the defendant refused to perform his agreement, contending that the restrictions against the lot which were of record were more onerous than those mentioned in the agreement of sale; that although the restrictions relating to the cost of a dwelling-house which could be erected on the lot were not objectionable, yet the other restrictions would prevent his constructing the house on the lot so as to face Walnut street, and that it was doubtful whether or not any house at all could be erected on the lot. In addition to the foregoing restrictions, there appeared of record an agreement, recorded in Essex county in Deed Book E-45, page 119, between Mary C. Pierson et al. and Edward S. Pierson, dated April 20th, 1909, which, among other things, provided that the party of the second part, his heirs, executors, administrators and assigns, would not erect, on any of the land which is the subject of that agreement, "any building other than a dwelling-house for one family — fronting on North Walnut street, north of Rutledge avenue — in the city of East Orange; and further, that he will not erect upon such land any building on a lot having a width of less than 50 feet or having a depth of less than 150 feet." *Page 229 
Additional covenants were contained in the agreement respecting the conveyance of lands owned by the parties subject to the restrictions therein mentiond.
It also appears from a map of the locality submitted with the agreed state of facts, that all buildings abutting on North Walnut street are set fifty feet back from the street line and that all buildings located on Rutledge avenue are set back twenty-seven feet from the sidewalk line. It plainly appears that it would be impossible to construct a building on the lot which is the subject of the agreement of sale here involved which would set back fifty feet from North Walnut street and in line with other buildings on that street. It also appears from the agreed state of facts that defendant has already been notified by other property owners on North Walnut street to the north of Rutledge avenue that they would resist any attempt by the defendant to erect any building upon the lot in question.
The defendant asks dismissal of the complainants' bill on the following grounds:
1. That the title is not marketable.
2. That there is cloud upon the title.
3. That there is doubt in the restrictions.
4. That it is likely the defendant would be exposed to litigation.
5. That the restrictions in the chain of title are different and more onerous than the restrictions stated in the contract.
6. That enforcement of the contract against the defendant would work hardship upon the defendant, and would not do substantial justice.
It is unnecessary to consider the first and second grounds. I am convinced that the third, fourth, fifth and sixth grounds are well taken.
A mere recital of the restrictions which have been imposed upon the lot in question indicates that there is some doubt as to their meaning and also that they are different and more onerous than the restrictions stated in the contract. *Page 230 
It is admitted in the agreed state of facts that an acceptance of a conveyance of the lands in question will subject the defendant to litigation in the event that he attempts to erect any building on the lot. This, in itself, is sufficient to refuse specific performance, as it is quite apparent from the agreed state of facts that the parties had in mind the erection of a dwelling-house on this lot at the time the agreement was entered into. Elmora Development Co. v. Binder, 97 N.J. Eq. 126;Smith v. Reidy, 92 N.J. Eq. 586.
Equity will not compel a purchaser to specifically perform his contract of purchase where there is a doubtful question of law or fact affecting the title of the vendor. Kohlrepp v. Ram,79 N.J. Eq. 386.
Any decree of this court making a comparative construction of the restrictive covenants here involved would not bind the property owners on North Walnut street who have threatened the defendant with litigation, and, therefore, it is unnecessary and improper for this court to now attempt to construe these restrictions. Franklin v. Creth, 3 N.J. Adv. R. 93; 97 N.J. Eq. 538.
It seems so plain that the enforcement of this contract would be inequitable that it is unnecessary to further discuss the matter or cite further authorities. I will advise a decree dismissing the complainants' bill.