On November 24th, 1925, defendants contracted to sell to complainant premises in Newark known as 50 Jones street. The contract contained the following clause: "The buildings upon the said premises are all within the boundary lines of the property as described in the deed therefor herein, and there are no encroachments thereon." On January 28th, 1926, complainant informed defendants that it would rescind the contract on account of encroachments. Complainant filed a bill for rescission. Defendants counter-claimed for specific performance.
At the hearing complainant produced two surveyors, whose qualifications were admitted, who testified that the building on the premises encroaches on premises to the south. Defendants produced one surveyor, whose qualifications were admitted, who testified that there were no encroachments. *Page 157 
The question, therefore, is, Is this a marketable title, which defendants can compel complainant to take? In the case ofDoutney v. Lambie, 78 N.J. Eq. 277, the court of errors and appeals, speaking through Mr. Justice Parker, said: "Specific performance of a contract to purchase real estate will not be decreed if the marketability of the title depends on the establishment of a fact and that fact is in reasonable doubt." The learned justice cited Barger v. Gery, 64 N.J. Eq. 263,
and Potter v. Ogden, 68 N.J. Eq. 409. In the latter case the court said (at p. 412): "I think that any decision of mine in this cause is controlled by my decision in the case of Barger
v. Gery, 64 N.J. Eq. 263. The rule which I found supported by the authorities in that case is that a title dependent on a fact must be regarded as marketable when — (1) the fact is so conclusively proved in the suit for specific performance that a verdict against the existence of the fact would not be allowed to stand in a court of law, and (2) there is no reasonable ground for apprehending that the same fact cannot be in like manner proved if necessary at any time thereafter for the protection of the purchaser."
In the case of Herring v. Esposito, 94 N.J. Eq. 348, a clause similar to the one in the present case was considered. Two surveyors testified that there was an encroachment and two that there was not. Vice-Chancellor Bentley said (at p. 349): "I feel that under the elementary rule, there is at least such a doubt created in my mind that I am obliged to find as a fact that an encroachment exists."
In Pasternack v. Alter, 95 N.J. Eq. 377, Vice-Chancellor Lewis followed the rule laid down in Doutney v. Lambie,supra. He quoted (at p. 378) Tillotson v. Gesner, 33 N.J. Eq. 313,
as follows: "The purchaser should have a title which shall enable him not only to hold his land but to hold it in peace, and if he wishes to sell it, be reasonably sure that no flaw or doubt will come up to disturb its marketable value."
The learned vice-chancellor (at p. 379) quoted as follows from the case of Van Riper v. Wickersham, 77 N.J. Eq. 232 (atp. 237): "The principle adopted by courts of equity in matters of specific performance is that they will not compel *Page 158 
a purchaser to take a title of which there is a reasonable doubt, and such doubt is held to exist if the purchaser desiring to sell the lands would be adversely affected by such doubt * * * so it is the uniform rule in this state to decline to decree performance where such doubt exists though rested on grounds merely debatable, but which might visit upon the purchaser litigation in that regard, and that, too, where at law the title might, in fact, be declared good."
See, also, Goldstein v. Ehrlick, 96 N.J. Eq. 52, andSchiff v. Alexander, 130 Atl. Rep. 133.
Applying the law as above cited to the facts in the present case, we find that two surveyors say there are encroachments, and one says there are none. The weight of the evidence is therefore in favor of the existence of the encroachments. Moreover, there is clearly such a doubt in the matter as under the cases makes the title unmarketable.
I will advise a decree denying the prayer for specific performance and allowing the prayer for rescission with a return of the deposit and such reasonable search and survey fees as complainant may have expended.