This is a suit for specific performance to compel the defendant to accept a house and lot in the city of Linden.
The contract provides that premises are to be conveyed by warranty deed free from all encumbrances, with the exception of an encroachment of a small shed.
Defendant caused a survey to be made, and found that the main building encroached several inches on the adjoining property, which encroachment was admitted. Complainant thereupon purchased a strip of land running along the premises in question, and covering the ground upon which the building encroached, and tendered a new deed to the defendant.
On examining the title of the premises of which the strip is a part, the following facts are disclosed: This strip formed part of a large tract originally owned by the Realty Trust Company. Running through the premises was a natural water-course known as "The Brook." When the Realty Trust *Page 480 
Company laid out the property into streets and building lots, it prepared maps, and on those maps marked the strip over which the brook flows, "Reserved." These maps were filed in the register's office of the county of Union.
The testimony of the city engineer shows that all improvements made by the city were with reference to keeping this brook open for drainage.
Defendant contends that an easement of drainage has therefore been created. Complainant does not argue this point in his brief.
The act of the Realty Trust Company in laying out the strip as the width of a waterway, designating it on a map, filing the map and making conveyances with reference to the map, raises the question as to whether or not an easement was created.
Counsel for the defendant has called the attention of the court to many cases in which the courts have declared that under similar circumstances easements existed.
It is not, however, necessary to cite and comment on these cases here because it is quite apparent that the facts disclosed by the testimony show a doubt as to the title to this strip which, in my opinion, would affect its marketability.
The remedy of specific performance is not a matter of strict right, but one of judicial discretion, and will be refused when, in the opinion of the court, the title is such as to prevent its ready sale on account of doubts arising concerning it.
This was clearly stated by the court of errors and appeals, speaking through Mr. Justice Parker, in the case of Doutney v.Lambie, 78 N.J. Eq. 277. This ruling has been followed by this court in many cases. See Koherepp v. Ram, 79 N.J. Eq. 386;Franklin v. Creth, 97 N.J. Eq. 538; Sharp v. Stretch, 98 N.J. Eq. 225,c.
Moreover, there is another reason why I think this contract is unenforceable.
In the case of TenEyck v. Manning, 52 N.J. Eq. 47,
Vice-Chancellor Van Fleet says (at p. 48): "Of the many defenses set up only one need be considered, and that is that the contract which the complainant asks to have enforced does *Page 481 
not give to the defendant a right to the same remedy against the complainant which the complainant seeks against the defendant; in other words, that this court could not on the defendant's application compel the complainant to specifically perform the contract. The remedy by specific performance is not a matter of strict right but of sound judicial discretion, and will be granted or denied as the justice and right of the particular case shall seem to the court on full consideration of the rights and equities of the parties to require. The enforcement or denial of the remedy is regulated by certain well-established principles, one of which is that it will not be granted, as a general rule, in cases where mutuality of obligation and remedy does not exist; or stated in another form, mutuality of remedy is essential to a suit for specific performance."
In this case the title to the land which the husband agreed to convey was still in the wife when the husband sued and also when the decree was to be pronounced. In the case at bar complainant could not convey the property mentioned in the contract of sale at the time mentioned in said contract. He now seeks to enforce the original contract because some time thereafter he was able to secure and offer the defendant what he thought was a good title to lands he had contracted to sell, without authority to sell. I think the reasoning of Vice-Chancellor Van Fleet applies here. When the contract was entered into, it could not be mutually enforced. I think it would be inequitable and unjust to compel defendant to wait until such time — perhaps months or years after the date set for closing — as complainant could secure the premises he had agreed to deliver. This point was not discussed in complainant's brief.
The only point argued in the brief of complainant was the contention of defendant that a certain deed in the chain of title is defective. In view of what I have said above it is unnecessary to discuss this question.
I will advise a decree dismissing the bill for specific performance and directing the return of the deposit together with a reasonable allowance for search fees, counsel fees and costs. *Page 482