# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

## ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

### JUNE TERM, 1916.

SAMUEL PROPPER, appellant,

*v.*

ASA L. COLSON et al., respondents.

[Submitted July 10th, 1916. Decided November 20th, 1916.]

1. A covenant or agreement restricting the use of lands in favor of or on account of other lands creates an easement upon the land subjected to the restriction.

2. The existence of an easement upon premises conveyed is a breach of a covenant against encumbrances.

3. Knowledge by a grantee, at the time of delivery of the deed, that there are outstanding encumbrances upon the property conveyed is no bar to his right of action on the covenant against encumbrances.

399

On appeal from a decree of the court of chancery, dismissing the complainant's bill, advised by Vice-Chancellor Leaming.

*Mr. S. Stanger Iszard* and *Messrs. Wescott & Weaver,* for the appellant.

*Mr. Louis H. Miller,* for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The complainant purchased one of a number of lots in the borough of Wildwood, offered for sale at public auction by the defendants Colson and Davis, who were the owners thereof. By his bill he seeks to be relieved of his purchase, to have his contract of sale canceled, and the deposit on the purchase price paid by him refunded. The primary ground upon which he bases his right to the relief sought, and the only one which we find it necessary to consider, is that public announcement was made prior to the sale by the owners, through the circulation of printed catalogues among prospective buyers, that the property to be offered would be sold free and clear of all encumbrances, and that his contract of sale, signed after the property was struck off to him, expressly so provided; whereas, in fact, there were, and are, several restrictive covenants, arising out of a general building scheme, which run with the land purchased by him, and which constitute a breach of the defendants' promise contained in the catalogue, and of his contract of sale, that the purchasers should have a title free of encumbrances. The court below held that this contention was unsound; that restrictive covenants arising out of a general building scheme are not what are popularly called encumbrances; and that when a layman makes an agreement that he will convey property free and clear of all encumbrances, he does not mean, nor does a purchaser who is seeking to acquire that property understand him to mean, that it shall be free from the operation of restrictive covenants already forming part of the title.

We are not able to concur in the view entertained by the lower court. A covenant or agreement restricting the use of any lands or tenements in favor of, or on account of, other lands, creates an easement that makes one tenement subservient, and the other dominant. All that is necessary to create such an easement is a clear manifestation of the intention of the person who is the source of title to subject one parcel of land to a restriction in its use for the benefit of another, and efficient language to make that restriction perpetual. *Washb. Easem. 63.* And the general doctrine of the law is that an easement upon the premises conveyed is a breach of the covenant against encumbrances. *De-Long* v. *Spring Lake, &c., Co., 65 N. J. Law 1.*

It may be conceded that laymen, in ordinary conversation between themselves with relation to the existence of encumbrances upon land, do not have in mind covenants restricting the full and free user thereof. The present case, however, does not involve the meaning of words in a conversation between laymen, but of words used in a formal written instrument, the purpose of which is to express the mutual right and obligations of the parties to it. In construing such instruments the general rule, subject to few exceptions, is that the words contained therein shall be given their ordinary legal significance. The complainant, in the present case, if a deed had been delivered to him in consummation of his purchase, would have been entitled to have it conform to the prior agreement; in other words, to have written into it a covenant against encumbrances; and an easement such as is created by the building restrictions existing in the present case would be a breach of that covenant. A citation of authorities to support this proposition is hardly necessary. Many of the cases upon the subject will be found collated in the footnote to the article on Covenants in *11 Cyc.* (at *p. 1117*). See, also, *DeLong* v. *Spring Lake Co., 72 N. J. Law 125.*

It is further argued on behalf of the respondents that at the time of his purchase Mr. Propper was fully aware of the existence of the building restrictions upon the land which was bid in by him, and that, therefore, he is to be presumed to have waived any objection to the title because of them. But, knowledge by a grantee, at the time of the delivery of the deed, that there are

outstanding encumbrances upon the property conveyed, is no bar to his right of action on the covenant against encumbrances (*Demars* v. *Koehler, 62 N. J. Law 203; DeLong* v. *Spring Lake Co., supra*), and therefore cannot estop him from insisting that he shall receive by the conveyance to him what his vendor contracted to give him—that is, a title free and clear of all encumbrances.

The conclusion which we reach, and upon the reasoning above set forth, is that the complainant, by the proofs in the case, established a right to the relief which he sought; that the decree under review should be reversed, and the record remitted to the court of chancery in order that a decree may be there entered in conformity to the views which we have expressed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, TAYLOR, GARDNER—13.