The defendants agreed to sell to the complainant properties facing on Halsey, Court and Nevada streets, Newark, in the business section. The contract provided "that the buildings upon said premises are all within the boundary lines of the property as described in the deed." The proofs show they are not. They encroach on Halsey street one and a half inches, on Court street two and five-eighths inches and on Nevada street one inch. Padlock proceedings under the "National Prohibition act" also are pending in the federal court against one of the properties, a saloon, and the tenant is under injunction to refrain from violating the act. For these reasons the complainant refuses to take title and *Page 53 
sues for the return of his down money, $1,000, and $30 laid out for searching the title, and prays that these sums be declared a lien upon the properties.
The complainant is entitled to rescind and a return of his money. He is not obliged to take the title with the encroachments. They are slight, but, nevertheless, substantial, and specific performance would not be decreed against him.Doutney v. Lambie, 78 N.J. Eq. 277; Herring v. Esposito,119 Atl. Rep. 765. The padlock proceedings are a cloud upon the title sufficient to prevent the enforcement of the contract.Dobbs v. Norcross, 24 N.J. Eq. 327; Van Riper v. Rickersham,77 N.J. Eq. 232; Kohlrepp v. Ram, 79 N.J. Eq. 386. A valid reason for refusing specific performance, such as a defect in the title, warrants a rescission of the contract.
There were negotiations, and it was arranged that the complainant would take title upon the defendants giving an indemnity bond. The complainant claims that the defendants refused to give the bond, while the defendants insist that the complainant refused to take it. I need not decide this issue of fact. The complainant was entitled to the property according to the terms of the contract. He was not bound to take the bond. If he, in fact, consented to take it in lieu of a good title, he had the right to change his mind.
The complainant is entitled to a decree for $1,030, and a lien upon the premises for $1,000. The act of 1915 (P.L. p. 316; 1stSupp. Comp. Stat. p. 472) gives a right of recovery for search fees in actions for breach of contract against the vendor upon failure of title, but not a specific lien therefor on the lands. Ordinarily, the fees would have to be recovered at law, but equity will award them as incidental to other equitable relief. *Page 54