This bill seeks the specific performance of a contract for the sale of lands. The complainants are vendors and the defendant is the vendee. The contract is dated June 3d 1926, and provides for the conveyance to the defendant of property therein described on or about June 30th, 1926, for the sum of $21,000, $2,100 of which was paid to the complainants by the defendant as a down payment on the execution of the contract. The property is described by metes and bounds and by reference to a map of the Weequahic Park Land and Improvement Company. The front line of the property is described as lying along the southerly line of Lyons avenue. The written contract contains the following clause: *Page 177 
"It is understood and agreed that the buildings upon said premises are all within the boundary lines of the property as described in the deed therefor and that there are no encroachments thereon."
Time was not expressly of the essence of the contract. On the date the contract was executed there was a one-story building erected on the lot covering the whole lot frontage and extending back about fifty feet from the street line. The property was examined and inspected by the defendant prior to the execution of the contract. On June 29th, one day before the settlement day as fixed by the contract, the defendant's attorney notified the complainants' attorney that defendant would not accept title because the building was not within the boundary lines as described in the contract, and the defendant refused to take title and demanded a return of his deposit with interest and reasonable search fees. A survey of the lot which was the subject of the sale, completed on June 29th, 1926, indicated that the building erected on said lot encroached on the street line as shown on said map for a distance of one and five-tenths feet at one corner, increasing to a width of two and nineteen-hundredths feet on the other corner. The building did not encroach on the actual street line as laid out and accepted by the city. None of the parties to this suit had any knowledge whatever of the alleged encroachment until the completion of the survey on June 29th, 1926. On August 12th, 1926, complainants applied to the board of commissioners of the city of Newark for an ordinance vacating that portion of the lands lying between the actual southern boundary line of Lyons avenue and the southerly line of said avenue as shown on said map, and an ordinance affecting such vacation was finally passed by said board on September 28th, 1926. In the meantime, defendant's attorney had several times demanded the return of the down money, which demands were either ignored or refused, and on October 6th, 1926, the defendant began an action in the Essex county circuit court to recover the deposit money and search fees. This bill was then filed and a consent order, restraining the suit at law, entered. At the final hearing complainants were permitted to amend their bill by alleging that they were ready, willing and able to give *Page 178 
title at that time; and the defendant was permitted to amend his answer by setting up that time was of the essence of the contract by implication and that the complainants acquiesced in the defendant's refusal to take title. The defense set up in the original answer was that the complainants' building stands "in part on the front on land to which the complainants have no title." Defendant has also counter-claimed for his deposit and search fees. It should be noted that immediately upon discovery of the alleged encroachment and one day before the date fixed for settlement the defendant advised complainants that he would not accept title, demanding the return of his down money and attempting to rescind the contract of sale. No opportunity was given to complainants for the removal of the title objection, and the possibility of its removal is indicated by the adoption of the ordinance above referred to. Obviously, this arbitrary action cannot be justified because time was not of the essence of the contract and no definite date was thereafter fixed by either of the parties for closing. Orange Society v. Konski, 94 N.J. Eq. 632; affirmed, 95 N.J. Eq. 254. Where time is not of the essence, an arbitrary and sudden determination of the transaction cannot be permitted to immediately end pending disputes or negotiations as to title. The other party must be allowed a reasonable length of time in which to perform. An arbitrary notice of termination may be entirely disregarded. Pom. Spec.Perf. § 396. Defendant does not claim that time was everexpressly of the essence, but insists that it was of the essence by implication, and bases this insistment upon his claim that he was purchasing the property for a specific purpose which was made known to the complainants before the contract was entered into; but the evidence on this point is meagre and sharply in conflict. It is sufficient to say that defendant has not sustained the burden of proof with respect to this point. "Intent to make time essential must be clearly, unequivocally and unmistakably shown." Pom. Spec. Perf. (3d ed.) § 392.
Where time is not of the essence and there has been no lawful rescission, it is sufficient if the vendor is able to perform at the time of the decree. The objections raised by the *Page 179 
defendant having now been removed by enactment of the vacating ordinance, there is no possibility of interference by the city with the maintenance of the building in its present location. Aside from the vacating ordinance it is highly improbable that the defendant would ever have experienced any difficulty on account of the original encroachment on the street line, as it appears that the front of the building conforms to the building line as established by the city. There is no encroachment on the property to be conveyed, and, therefore, Herring v. Esposito,94 N.J. Eq. 348, cited by counsel for defendant, is not applicable. The claim of defendant the complainants acquiesced in the attempted rescission is without foundation. This is based on the delay from June 29th, 1926, to August 12th, 1926, in applying to the city commission for the vacating ordinance, but in view of defendant's arbitrary action of June 29th and complainants' refusal to return the deposit money, complainants cannot be considered as having consented to a rescission. There is as much reason for saying that the defendant acquiesced in complainants' delay. In short, time was not of the essence; there was no lawful rescission; no reasonable time was given for removal of objections and time was not made of the essence by act of either of the parties subsequent to the day fixed for settlement. This case presents the anomalous situation of a vendee complaining because he will receive more land than he purchased. It is unnecessary to decide what would have been the effect of such a complaint had time been of the essence of the contract. In VanBlarcom v. Hopkins, 63 N.J. Eq. (at p. 474), Vice-Chancellor Pitney said: "But in cases like the present, where the purchaser acquires the precise lot of land for which he contracted, and which he saw and inspected, and the only objection is that it was less in quantity than it was represented to be, the courts have, naturally enough, found little difficulty in giving a vendor his remedy against the vendee."
A fortiori should this rule be applied when the objection is that the vendee will receive more than he purchased. I will advise a decree for complainants in accordance with the prayer of the bill. *Page 180