The complainants are the assignees of the vendee in a contract for the sale of land located in the city of Elizabeth, and *Page 635 
the defendants are the vendors. This bill is filed for rescission of the contract and to impress a lien of the down money on the lands the subject of the sale. There is a counter-claim for specific performance. The contract of sale contains the following clause:
"It is specifically understood and agreed that the buildings upon the said premises are all within the boundary lines of the property as described in the deed therefor herein."
As a matter of fact, the building which is located at the corner of First street and South Park street extends over the Park street line several inches, and there is a very slight extension of the eaves of the building over the First street line.
At the conclusion of the hearing, there was but a single question left open, upon which question briefs were to be submitted by respective counsel. That question was whether or not the objections to the title had been removed by an ordinance of the board of public works of the city of Elizabeth, passed since notice of rescission was given. This ordinance is entitled "An ordinance to permit and sanction the maintenance of a certain three-story building, known as Nos. 145-147-149-151 First street, in the city of Elizabeth, county of Union and State of New Jersey, in its present location within the bounds of South Park street, a public street in said city, county and state," and specifically provides in section 1:
"That permission be, and the same is hereby granted to the said Hattie Welt, her heirs and assigns, to maintain the said three-story building known as Nos. 145-151 First street, Elizabeth, New Jersey, now erected on the above-described lands and premises, in its present position within the boundary lines of South Park street, a public street in the city of Elizabeth, Union county, New Jersey, until such time as the present building be removed or require a reconstruction or rebuilding, at which time the same shall be made to conform to the building line as shall then be established."
Larkin v. Koether, 101 N.J. Eq. 176, is cited in support of the contention that this ordinance removes the objection. That decision does not apply. There the portion of *Page 636 
the street upon which the buildings encroached was vacated by ordinance, and as the title of the complainant extended to the center of the street, and the public easement having been removed, the building came within the boundary lines. Here, there is no vacation of the street or any portion of it; there is merely a permissive ordinance qualified and limited in its extent and application, under the provisions of which the purchaser might at any time be involved in litigation. No attempt has been made to remove the encroachment on First street. The purchaser is not obliged to take title under these circumstances. Goldstein
v. Ehrlich, 96 N.J. Eq. 52.
While this was the only point reserved at the conclusion of the final hearing, counsel on both sides discussed in their briefs not only some points disposed of at the hearing but other points not raised or considered on the trial of the cause. So far as they are urged as an argument against the complainants' cause they are without merit.
I will advise a decree for complainant in accordance with the prayer of the bill and the counter-claim will be dismissed.