The bill is filed by the vendor against the vendee for specific performance of a contract of sale of premises known as 61-63 Osborne Terrace, Newark, New Jersey. This cause and the cause entitled "Isaac G. Mendel v. Berwyn Estates," Docket 69 p.499, involving a contract for the sale of adjoining premises, were tried together on March 19th last, and at the conclusion of the hearing I announced that I would advise a decree for the complainants in both suits. The defendant has taken an appeal from these decrees, hence this opinion.
The contract involved in this suit was dated June 26th, 1928, and provided for a sale of the premises for $20,000, which was to be paid $500 on the signing of the agreement; $10,000 by the assumption of a mortgage of that amount by the vendee; $6,000 by purchase-money mortgage; and the balance of $3,500 in cash at settlement, which was fixed for October 1st, 1928. The contract contained the following provisions:
"This conveyance is also to be made subject to restrictions of record, if any, which do not prohibit, however, the erection of the apartment house hereinafter mentioned.
"It is understood and agreed by the parties hereto that the party of the second part will apply to the zoning board or such other board having jurisdiction in the city of Newark, for permission to erect an apartment house of five stories upon the within premises and adjoining premises, and it is understood and agreed that if the said application is vigorously prosecuted, that if a permit is denied on or before September 1st, 1928, then the within contract shall be null and void and of no effect and the deposit herein given shall be returned to the party of the second part. In any other event, however, the said contract shall remain in full force and effect." *Page 418 
It is admitted by the parties that at the time this contract was made they knew that the zoning ordinance of the city of Newark prohibited the erection of an apartment house on the premises in question, and that it was, therefore, contemplated that upon application to the building department for approval of plans and specifications for an apartment house in this location that application would be denied, and that it would be necessary to appeal the decision of the building department to the board of adjustment, which board had power under certain circumstances to permit the erection of apartment houses in inhibited zones notwithstanding the provisions of the zoning ordinance, for final decision. This was the denial contemplated by the contract, and this fact is also admitted by both parties. Although the contract was executed on June 26th, 1928, no application was made to the building department for approval of plans until August 22d 1928. These plans were rejected on August 23d 1928, and an appeal to the board of adjustment filed on that day and the hearing on that appeal set for September 6th, then adjourned to September 20th and then to October 4th, on which last day the appeal was denied. On September 4th, 1928, the complainants received by mail a notice, of which the following is a copy:
"September 1, 1928.
To Lillie Eckhause and Elmer Eckhause, her husband, and Lionel Kristeller, attorney for Lillie Eckhause and Elmer Eckhause, her husband:
You are hereby notified that the undersigned, in accordance with contract dated June 26th, 1928, have attempted to procure a permit for the erection of a five-story apartment house upon premises commonly known as 61-63 Osborne Terrace, Newark, N.J., and that although the undersigned have vigorously prosecuted the application for same, a permit has been refused.
The undersigned, therefore, demands that you return to them the deposit of $500 paid upon the signing of said contract.
 BERWYN ESTATES By WILLIAM OKIN Vice President."
This notice is relied on by the defendant as a rescission of the contract. It is to be noted, however, that under the terms of the contract the vendee was to have the right of rescission *Page 419 
only in the event that the application for a permit to erect the apartment house was vigorously prosecuted and denied on orbefore September 1st, 1928, and that no application for such permit was made until August 22d. When the notice was served, the application had not yet been acted upon by the board of adjustment. Also, by the terms of the contract, it was no part of the vendor's duty to see that such application was promptly made and diligently prosecuted. That was an undertaking by the vendee, one which it might or might not perform as it chose, and for the performance or failure of which it alone was responsible. The only possible construction which to my mind can be placed upon the clause of the contract secondly above quoted is that the vendee should have until September 1st to make application for a permit and determine its issuance or denial and if such determination was not had by that date, except through the fault of the vendor, the right to rescind on that ground would then cease. Under the circumstances here disclosed, the right to rescind on that ground did not exist. But quite aside from the construction to be placed upon the contract, and aside from the fact that the notice was not served upon the complainant until September 4th, it is expressly and explicitly admitted on the record by counsel for the defendant that the notice was not intended as a rescission of the contract when it was given. Not having been so intended when given it cannot now be considered as a rescission. It was not so considered by either of the parties at the time of its service.
The defendant also contends that the premises in question were subject to a building restriction which prohibited the erection of an apartment house and that, therefore, the complainant was not in a position to convey according to the contract on October 1st, 1928, the day fixed for settlement, but this question has already been disposed of adversely to the defendants by the court of errors and appeals in Underwood v. Herman Co., 82 N.J. Eq. 353,
in which the restriction urged by the defendant was construed and held not to prohibit the erection of an apartment house.
The defendant also now urges, although no such suggestion *Page 420 
was made at the trial, that to compel the defendant to accept a conveyance of the premises at this time would impose upon him undue hardship which this court in the exercise of its discretion should refuse to do; but the answer to this argument, even if it were timely, is that there was no evidence indicating that a decree of specific performance would impose any hardship on the vendee.