This bill is filed by the vendor against the vendee for the specific performance of a contract for the sale of land. In the contract of sale the property is described as located in the city of Long Branch "fronting on the westerly side of Ocean avenue and the northerly side of New Court, which is laid down and designated as plot No. thirty-two (32), block sixty-three (63), section two (2), as shown on the map of the city of Long Branch, New Jersey, adopted by the city council August 6th, 1906, W.S. Seaman, City Engineer." The agreement provides for a conveyance by warranty deed free from all encumbrances. The contract is dated August 12th, 1925, but, it is admitted, was not executed by the complainant until August 17th, 1925, and by the defendant Kadrey some weeks later. October 15th was the date fixed for settlement. The defenses to this suit are (1) encroachment of the building over the street line; (2) the existence of a party wall not set forth in the contract; (3) that the property has a frontage on Ocean avenue of only seventy-eight feet five inches whereas the contract calls for eighty-five feet; (4) that the property is subject to certain restrictive covenants and (5) that the property had been sold for taxes. *Page 391 
The second defense was not urged at the hearing nor in the arguments of counsel and there was no evidence supporting it; the fifth defense was abandoned after complainant produced at the trial papers indicating that the property had been redeemed from the tax sales. The only defenses argued are the first, third and fourth. These defenses will be considered in their order.
 1.
The encroachments complained of consist of overhanging cornices, decorative metal covered pilasters on the front of the building, and some slight encroachment due to bulging of the metal covering of the building on the New Court side. They are all susceptible of removal at slight expense; in fact, the encroachments of the New Court side had been removed prior to the final hearing. It is urged that these encroachments on the street line constitute encumbrances against the property justifying the refusal of the defendant to accept a conveyance under the contract, but it is clear that they are not. Scheinman v.Bloch, 97 N.J. Law 404; affirmed, 98 N.J. Law 571. The encroachments are not on the land to be conveyed but are of a portion of the building over the street line. In Scheineman v.Block, supra, it was held that in the absence of a special provision in the contract of sale against such encroachments, the existence of an encroachment of a building over a sidewalk, maintained by lawful municipal authority, does not amount to a defect in or encumbrance on the title which would justify a purchaser in refusing to complete his contract of sale. See, also, Waterman v. Taub, 3 N.J. Mis. R. 216; affirmed,102 N.J. Law 472. The usual provision inserted in a contract for the sale of land, to avoid this result, is "that all buildings are within the property lines as described in the contract," but no such provision was contained in the contract here under consideration. It appeared in evidence at the final hearing that the overhanging cornices complained of are expressly permissible under the building code of the city of Long Branch and *Page 392 
that the governing body of that city had by ordinance granted permission to the complainant, its succesors and assigns, "to maintain the said building now erected on the said premises as the same now stands until such time as the same shall be demolished, removed or rebuilt, at which time the same shall be made to conform to the property lines of said lot." It therefore appears that the encroachments complained of are being "maintained by lawful municipal authority." Counsel for defendants urge, however, that this ordinance is not sufficient to overcome the objection because qualified and limited in its extent and application, and cite in support of this contentionIsserman v. Welt, 101 N.J. Eq. 634. Complainant citesLarkin v. Koether, 101 N.J. Eq. 176, in support of its contention to the contrary. Neither case applies. In the KoetherCase the portion of the street upon which the buildings encroached was vacated by ordinance and as the title of the complainant extended to the center of the street and the public easement having been removed, the building came within the boundary lines and thus the objection was removed. In Isserman
v. Welt there was an encroachment on the street line and the city of Elizabeth by ordinance granted permission to the owner to maintain the encroachment "until such time as the present building be removed or require a reconstruction or rebuilding at which time the same shall be made to conform to the building line as it then be established." It was there held that the rule ofLarkin v. Koether did not apply because there was no vacation of the street or any portion of it, but there was only a permissive ordinance, qualified and limited in its extent and application, and under the provisions of which the purchaser might at any time be involved in litigation. In both of these cases the contract under consideration contained a special provision that all the buildings were within the boundary lines of the property as described therein. There is no such provision in the contract involved in this suit. For this reason neither these cases, nor Goldstein v. Ehrlick, 96 N.J. Eq. 52, cited by defendants, apply. *Page 393 
 3.
The defendants claim that the complainant misrepresented the extent of the frontage of this property on Ocean avenue to be eighty-five feet, whereas an actual survey of the property showed the frontage to be seventy-eight feet five inches, and claim, therefore, that if obliged to perform his contract an abatement of the purchase price should be allowed on account of such deficiency.
I think it is clear that no misrepresentations were made with respect to the frontage of this property. It is true that the map which is referred to in the contract of sale indicates that the property has a frontage of eighty-five feet on Ocean avenue, but the contract itself does not specify the number of feet frontage and the evidence indicates that the exact frontage of the property was not a material feature of the contract. The first negotiations between the parties respecting this property were on the evening of August 12th, 1925, when the defendant paid the complainant a deposit of $1,000 on account of the purchase price and in the receipt which was given by the complainant at that time the property is described as "the three apartments Nos. 646-648-650 Ocean avenue, West End, New Jersey." When that receipt was given, Mr. Brockhurst, of the complainant company, asked the defendant Kadrey to inspect the property, but this he declined to do, saying that he was perfectly familiar with it, as he undoubtedly was. But two days later, namely, August 14th, 1925, the defendant Kadrey made a contract of resale to third parties and in that contract described the property as having a frontage of "about eighty-one feet," a clear indication that he knew at that time that the plot did not have a frontage of eighty-five feet and that he was not expecting to receive a conveyance of that much frontage. He claims, however, that after making the contract of resale, he was informed that there was a shortage in the frontage on Ocean avenue and that he then took the matter up with Mr. Brockhurst, who reassured him and told him that the property had *Page 394 
a frontage of eighty-five feet. As a matter of fact, what Mr. Brockhurst said on this occasion was that he thought there was eighty-five feet because the map showed it. However, what the defendant Kadrey was buying was the physical property which he saw and was familiar with regardless of the exact frontage. It cannot be denied that on August 14th, 1925, he thought it had less than eighty-five feet frontage and when his vendees called his attention to the fact that the frontage was less than eighty-one feet, he did not rescind the contract, but on the contrary dealt with the property in such fashion that he must be held to have waived this objection if it was material. As was said in Van Blarcom v. Hopkins, 63 N.J. Eq. 466, the purchaser is getting "the precise lot of land for which he contracted." This defense, therefore, cannot prevail, nor, under the circumstances as described by the evidence here, do I think the defendant has any right to an abatement in the purchase price.
 4.
While admitting the existence of the restrictive covenants urged as a defense to this action the complainant claims that they are not a valid objection because, first, changed conditions in the neighborhood of the location of the property in question would justify a finding that the restrictions are no longer binding; and second, that the defendat has waived these restrictions as a defense or as a reason for not performing his contract. But the evidence does not justify a finding that the restrictions are not binding even if all the parties who might take advantage of those restrictions were before the court, and they are not.
The evidence as to a waiver of these restrictions consists of the fact that two days after the defendant Kadrey had made a deposit of $1,000 on account of the purchase price of this property, in his contract of resale to third parties he provided that his conveyance should be "subject to restrictions of record" and this is strong evidence that he knew of the restrictions at that time. After this knowledge and after *Page 395 
the execution of the formal contract he dealt with the property and with the complainant in such manner as to indicate a waiver of any right to object to the title because of these restrictions. No mention of the restrictions as a reason for refusal to perform was made by the defendant until the filing of his answer in this suit, and it is significant that in the letter, Exhibit C-3, stating the grounds for refusal to perform, there is no mention of building restrictions. It would seem that this defense was an afterthought and as was said inAron v. Rialto Realty Co., 100 N.J. Eq. 513; affirmed,102 N.J. Eq. 331, seized upon as an excuse and not a reason for non-performance. See, also, Ohio and Mississippi Railway Co. v.McCarthy, 96 U.S. 258; 24 L.Ed. 693; Cowdery v. Greenlee,126 Ga. 786; 8 L.R.A. (N.S.) 137; Gibson v. Brown, 214 Ill. 330; 73 N.E. Rep. 579 (at p. 582). In the meantime he had dealt with the property as though the equitable title were in him by making a contract of resale and by filing a bill in this court to compel his vendees to specifically perform that contract. He could not have so acted unless he intended to be bound by the contract with the complainant. This was conduct evidence such as was referred to in Faulkner v. Wassmer, 77 N.J. Eq. 537,
indicating a waiver of defendants' right to refuse title on account of these restrictions. See, also, Bianchi v. Herman,105 N.J. Eq. 226. Counsel for defendants urge that under the rule of Propper v. Colson, 86 N.J. Eq. 399, and Simpson v.Klipstein, 89 N.J. Eq. 543, no waiver can be spelled out of the acts of the defendants, but Propper v. Colson holds merely that no presumption of waiver arises from the mere fact of knowledge of an encumbrance. The waiver alleged here is not based upon presumption arising from knowledge, but is based upon affirmative acts after knowledge obtained.
I will advise a decree for the complainant. *Page 396