JOHN JOHNSON AND MARY JOHNSON, PLAINTIFFS-APPELLANTS, v. JOHN RIVARA AND DOMENICO PRATO, DEFENDANTS-RESPONDENTS.

Submitted January 27, 1933—Decided July 28, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the appellants, *Judson B. Salisbury* (*Frederick W. Mattocks,* of counsel).

For the respondents, *Huckin & Huckin.*

PER CURIAM.

This is an appeal from a judgment of the District Court of the Third Judicial District of the county of Bergen in favor of the defendants below.

The record discloses that Mr. and Mrs. Johnson, the appellants here, gave $500 as a down payment to the defendants (appellees here) on account of the purchase price of fifteen acres of land lying on the west side of the state highway in Palisades, New York. The preliminary memorandum relating to this transaction is informal, reciting merely that the purchase price of $43,000 shall be payable, $2,000 on the signing of a proper contract of sale which was to be executed on May 2d, 1931, $7,500 additional on the passing of title, fixed for June 29th, 1931, and the balance by the execution of a purchase-money mortgage. The only other

provision in this memorandum is that "the part of said property taken by the State of New York for a state highway shall be excepted from said conveyance."

The complaint alleges that the plaintiffs paid the defendants $500 and defendants agreed to enter into a contract to sell and convey to plaintiffs these said lands at Palisade, and that defendants never executed the contract and plaintiffs have demanded the return of the $500 and said sum has not been repaid.

The court, sitting without a jury, decided that the plaintiffs were not entitled to the return of the money deposited and, consequently, entered a judgment in favor of the defendants. The plaintiffs appeal on quite a number of grounds, most of which are not argued; consequently, they will be considered as having been abandoned. *Sargeant Bros.* v. *Brancati,* 107 *N. J. L.* 84; 151 *Atl. Rep.* 843.

We should observe at the outset that the points which are argued in the brief are not included in the grounds of appeal in question as they appear in the printed state of case. There are, however, two typewritten pages, which are sent us from the clerk's office, purporting to be a specification of points for appeal, but there is nothing to show whether or not these points were served upon opposing counsel and they are quite different from the grounds of appeal that appear in the state of case. Counsel for the appellees does not answer these grounds point for point in his brief and this perhaps indicates that they were not served. However, since no objecction is made we will resolve the matter in favor of the appellants and consider the points argued. The practice, however, is not approved.

The appellants say in their first point that since there is no denial of any material facts judgment should have been rendered in favor of plaintiffs-appellants for the amount of the down payment and reasonable expense for search fee and survey.

This statement by the appellants' counsel is not accurate. There was an issue on material facts. There was testimony which the court, sitting without a jury, apparently believed, that the plaintiffs did not want to take the property; that

they feared they couldn't conduct a business on the property in question. Manifestly, there was a fact issue involved here. This ground for reversal therefore is not sound.

The second point made is that there was a material modification of the original contract which justified the refusal to sign the tendered contract and therefore there should have been a recovery of the down payment.

This likewise is not the fact. The receipt or memorandum, which was signed by the parties in contemplation of the contract, recites that the down payment was on account of the purchase of the land in question, describing it, and a schedule of the payments to be made thereunder, the contract to contain "all details" of the transaction. The plaintiff, Johnson, according to his own testimony, never went to the office of counsel for the owners of the property at the time appointed; did not tender the amount called for at the time appointed for the signing of the contract; in fact, remained away from the other party in interest, and it seems clear that unless he performed in accordance with the agreement of the parties or made a tender of performance he was not in a legal position to rescind the contract. *Eckhause* v. *Berwyn Estates,* 104 *N. J. Eq.* 416; 146 *Atl. Rep.* 65; *affirmed,* 106 *N. J. Eq.* 276; 148 *Atl. Rep.* 917.

Assuming that there were defects in the title, it is well settled that the vendor should be allowed a reasonable time to perfect his title. Time was not the essence of this agreement. This is and has been the well settled law in this state for some time. *Larkin* v. *Koether,* 101 *N. J. Eq.* 176; 137 *Atl. Rep.* 849; *affirmed,* 102 *N. J. Eq.* 329; 140 *Atl. Rep.* 920. The rule in the case last cited likewise disposes of the other points that have been raised by the appellants in their brief since they are of exactly the same character and nature.

For these reasons, the judgment under review will be affirmed, with costs.